**MARTIN D. SINGER (BAR NO. 78166)**
mdsinger@lavelysinger.com
**DAVID B. JONELIS (BAR NO. 265235)**
lmolnar@lavelysinger.com
**LINDSAY D. MOLNAR (BAR NO. 275156)**
lmolnar@lavelysinger.com
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California  90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615

Attorneys for Plaintiff GRUMPY CAT LIMITED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| GRUMPY CAT LIMITED, an Ohio Limited Liability Entity, <br><br> Plaintiff, <br><br> v. <br><br> GRENADE BEVERAGE LLC, a California Limited Liability Company; PAUL SANDFORD, an individual; NICK SANDFORD, an individual; and DOES 1-50, <br><br> Defendants. | ) Case No.: <br> ) <br> ) **COMPLAINT FOR:** <br> ) <br> ) **1. COPYRIGHT INFRINGEMENT;** <br> ) **2. TRADEMARK  INFRINGEMENT (15 U.S.C. § 1114);** <br> ) **3. TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A));** <br> ) **4. TRADEMARK DILUTION (15 U.S.C. § 1125(C));** <br> ) **5. CYBERSQUATTING (15 U.S.C. § 1125(D))** <br> ) **6. BREACH OF CONTRACT; AND** <br> ) **7. ACCOUNTING** <br> ) <br> ) <br> ) **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) |

COMPLAINT

Plaintiff GRUMPY CAT LIMITED ("Plaintiff"), by and through its undersigned counsel, alleges as follows against Defendants GRENADE BEVERAGE LLC, PAUL SANDFORD and NICK SANDFORD (collectively, "Defendants"):

## NATURE OF THE ACTION

1.     Ironically, while the world-famous feline Grumpy Cat and her valuable brand are most often invoked in a tongue-and-cheek fashion, Defendants' despicable misconduct here has actually given Grumpy Cat and her owners something to be grumpy about.

2.     In particular, this case arises out of the unlawful and inexplicable conduct of Defendants, who induced Plaintiff (the lawful and exclusive owner of the copyrights and trademarks in and to the valuable "Grumpy Cat" brand) to grant them limited rights to the "Grumpy Cat" brand, only to repeatedly abuse and infringe those rights by creating and exploiting unauthorized "Grumpy Cat" branded products and further failing to account to Plaintiff for the sale of the only product that was actually authorized to be sold by Defendants.

3.     Through this action, Plaintiff seeks to recover the substantial compensatory and statutory damages to which it is entitled as a result of Defendants' misconduct, as well as to permanently enjoin any further misconduct by Defendants.

## JURISDICTION AND VENUE

4.     This action arises under the the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*.  This Court has exclusive federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

5.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

1

_____
COMPLAINT

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)(2)-(c) because Defendants, and each of them, are subject to personal jurisdiction in this District and a substantial part of the events, acts and/or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

7.     Plaintiff is an Ohio limited liability entity, with its principal place of business in the County of Morrow, State of Ohio, and conducting business in the County of Los Angeles, State of California.

8.     Plaintiff is informed and believes and based thereon alleges that defendant GRENADE BEVERAGE LLC ("Grenade") is a California limited liability company, with its principal place of business in the County of Orange, State of California, and conducting business in the County of Los Angeles, State of California.

9.     Plaintiff is informed and believes and based thereon alleges that defendant PAUL SANDFORD is an individual residing in the County of Orange, State of California, and conducting business in the County of Los Angeles, State of California.

10.     Plaintiff is informed and believes and based thereon alleges that defendant NICK SANDFORD is an individual residing in the County of Orange, State of California, and conducting business in the County of Los Angeles, State of California.

11.     Plaintiff is informed and believes and based thereon alleges that the fictitiously named defendants sued herein as Does 1 through 50, inclusive, and each of them, were in some manner responsible or legally liable for the events, actions, transactions, and circumstances alleged herein.  The true names and capacities of said fictitiously named defendants, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of this Court to amend this Complaint to assert the true names and capacities of said fictitiously named defendants when same have become known to Plaintiff.  Hereinafter all defendants,

COMPLAINT

including the Doe Defendants, will sometimes be referred to collectively as "Defendants."

12.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were the agents, employees, partners, joint-venturers, co-conspirators, owners, principals and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, employment, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes and based thereon alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## FACTS COMMON TO ALL CLAIMS

### *Plaintiff's Exclusive Intellectual Property Rights In The Grumpy Cat Brand*

13.    Grumpy Cat (a/k/a Tardar Sauce) is one of the most famous and recognizable felines in the world due to her perpetually grumpy expression.  After a picture of Grumpy Cat was posted to the internet in 2012, her name and likeness spread like wildfire across the globe garnering worldwide media attention.  Grumpy Cat has since appeared in numerous major television shows (including *Today*, *Good Morning America*, *American Idol*, and *The Bachelorette*), been featured on the front page of major periodicals such as *The Wall Street Journal* and *New York Magazine*, starred in advertisements for Cheerios and McDonalds, starred in her own Lifetime Television Christmas movie, "authored" three (3) books that debuted on the *New York Times* bestsellers list, and even has her own animatronic waxwork at Madame Tussauds in San Francisco.  Accordingly, there is substantial consumer recognition, good will and monetary value in the famous Grumpy Cat brand.

14.    Plaintiff is the sole and exclusive owner of all relevant intellectual property rights in and to Grumpy Cat's name, image, and likeness, specifically including the copyrights and trademarks forming the basis of this action.  As a result of

3

_____

COMPLAINT

Plaintiff's calculated handling of the Grumpy Cat brand alongside professional brand management, over the past few years, Plaintiff and its authorized licensees have realized millions of dollars in sales of a wide range of goods and services incorporating the "Grumpy Cat" brand, including without limitation t-shirts, calendars, and plush toys.

15.    Plaintiff is the sole and exclusive owner of the copyrights in and to certain photographs and an illustration of Grumpy Cat, which are protected by U.S. Copyright Reg. Nos. VA0001849042, VA0001849043, VA0001849044, and VA0001901628 (the "Grumpy Cat Copyrights"), issued by the United States Copyright Office on December 4, 2012 and December 18, 2013.  These copyrights include the following photograph and illustration:





**Copyright Reg. No.**
**VA0001849042**

**Copyright Reg. No.**
**VA0001901628**

16.    Plaintiff is also the sole and exclusive owner of all federal and common law rights in and to the word mark "GRUMPY CAT" as used and registered in, *inter alia*, International Class 030 (Coffee and tea) (protected by U. S. Trademark Reg. No. 4,527,097 issued by the United States Patent and Trademark Office (the "USPTO") on May 6, 2014), and International Classes 021 (Coffee and Tea cups/mugs), 025

4

_____
COMPLAINT

("Clothing, namely, t-shirts, shirts, long-sleeved shirts, polo shirts, sweatshirts, hoodies"), and 041 (website services) (protected by U. S. Trademark Reg. No. 4,417, 549 issued by the USPTO on October 15, 2013) (collectively, the "Federal Word Marks"). Plaintiff is also the sole and exclusive owner of all federal and common law rights in and to the image mark  for the above-depicted photograph of Grumpy Cat, as used and registered in, *inter alia*, International Classes 021 (Coffee and Tea cups/mugs) and 025 ("Clothing, namely, t-shirts, shirts, long-sleeved shirts, polo shirts, sweatshirts, hoodies") (protected by U. S. Trademark Reg. Nos. 4,820,434, issued by the the USPTO on September 29, 2015) (collectively, the "Federal Design Marks").

17.   Plaintiff is also the sole and exclusive owner of any and all common law trademark rights in and to the word mark "GRUMPY CAT" and the design mark  for the above-depicted photograph of Grumpy Cat, in connection with a variety of products and services, including for the purpose of this action, on coffee drinks and non-alcoholic beverages, and t-shirts (collectively, the "Common Law Grumpy Cat Trademarks" and, along with the Federal Word Marks and the Federal Design Marks, referred to herein as the "Grumpy Cat Trademarks").   Plaintiff also has numerous international trademark registrations for the Grumpy Cat brand.

18.   The Grumpy Cat Trademarks are distinctive, have been been continually used throughout the United States, as well as worldwide, and are well known to the trade and members of the purchasing public.

### The License Agreement Between Plaintiff and Grenade

19.   Defendant Grenade, which on Plaintiff's information and belief is owned and operated solely by Defendants Nick and Paul Sandford, is a beverage development, manufacturing, marketing, and distribution company.   Notably, while Grenade held itself out to Plaintiff as an upstanding and law-abiding company in order to induce Plaintiff to enter into the below-described license agreement, Plaintiff has since learned that Grenade was sued for trademark infringement by E & J Gallo

5

Winery for engaging in misconduct remarkably similar to that giving rise to this action – namely, the unauthorized use and exploitation of E & J Gallo Winery's valuable intellectual property. Plaintiff is informed and believes that E & J Gallo Winery recently obtained a judgment and permanent injunction against Grenade in that lawsuit.

20.     On or around May 31, 2013, Plaintiff entered into a license agreement with Grenade (the "License Agreement"), pursuant to which Plaintiff granted Grenade certain limited rights to use Grumpy Cat's copyrighted and trademarked name and image (the "Licensed Properties") in connection with the advertisement, distribution, offering for sale, and sale of "a line of Grumpy Cat-branded coffee products." In exchange for the foregoing limited grant of rights, Grenade agreed to pay Plaintiff royalties from Grenade's sale and exploitation of the Licensed Properties, as well as a monetary advance against those royalties.

21.     The mutually understood intent of the License Agreement was to allow Grenade to produce and distribute a line of "Grumpy Cat" branded iced-coffee beverages called "Grumpy Cat Grumppuccino." The parties further understood and agreed, as clearly memorialized in the language of the License Agreement, that any additional product offerings would require further negotations and approval from Plaintiff.

22.     Of relevance here are the following material provisions from the License Agreement:

- Pursuant to Section 4(a), "**all** uses" of the Licensed Properties (including any visual depictions, interpretation or adaptations thereof) by Grenade are subject to Plaintiff's "prior approval."
- Pursuant to Section 4(b), "All right, title and interest in and to all copyrights and trademarks in and to the Licensed Properties" remain the exclusive property of Plaintiff. Moreover, Plaintiff is deemed to be

6

the exclusive owner of any and all copyright and trademark rights in and to any derivative works created by Grenade in connection with its use of the Licensed Properties.  In other words, if Grenade creates its own graphical and/or otherwise derivative depictions of Grumpy Cat, Plaintiff is the owner of all copyrights and trademarks in and to those depictions pursuant to Section 4(b).

- Pursuant to Section 6(d), Grenade was required to form a **California** Limited Liability Company called "Grumpy Beverage LLC," which would maintain and manage Grenade's rights in and to the Licensed Properties, and in which Plaintiff would be granted a 10% equity interest.

- Pursuant to Section 6(d), Grenade and Plaintiff were required to "negotiate in good faith the terms of [Grumpy Beverage LLC]'s Operating Agreement, which terms shall not conflict with the terms [of the License Agreement]."

- Pursuant to Section 7(a), Grenade was required to provide detailed monthly accountings to Plaintiff reflecting Grenade's sale of the Product and/or exploitation of the Licensed Properties.

### *Defendants' Wrongful Conduct*

23.    In late 2015, Plaintiff learned of Defendants' intent to create and exploit a line of "Grumpy Cat" branded roasted coffee ground products, which would be separate and apart from the "Grumpy Cat Grumppuccino" product line contemplated by the License Agreement.

24.    Although, as required by the License Agreement, Defendants sought Plaintiff's approval of use of the Licensed Properties in connection with the proposed roasted coffee ground product, Plaintiff never approved such use.  Rather, Defendants were repeatedly told by Plaintiff (both in writing and verbally) that the Licensed

COMPLAINT

Properties could *not* be used in connection with a roasted coffee ground product, including on the following occasions:

- By email exchange on October 21, 2015, in which Paul Sandford was told: "Approval is still required. ***Hold off until you hear back from us.***"

- Verbally, during a November 2, 2015 conference call between Paul Sandford, on the one hand, and two of Plaintiff's attorneys and Plaintiff's brand manager, on the other hand.

- By email exchange on November 2, 2015, in which Paul Sandford was told: "***Per our conversation of today, our client does not approve this. Do not proceed.***"

- By email exchange on November 24, 2015, in which Paul Sandford was told "***You are not authorized to proceed with the ground coffee product, and your posting of these products for sale will constitute a clear breach of the subject licensing agreement…Do NOT proceed with the posting of the ground coffee products***."

- By email exchange on November 24, 2015, in which Paul Sandford was told: "***You are not authorized to proceed with a "Grumpy Line" line of ground coffee products.***"

25.    Despite Plaintiff's repeated and clear refusal to allow and approve Defendants' use of the Licensed Properties in connection with the proposed roasted coffee ground product, Defendants have nevertheless proceeded to advertise, publicly disseminate, offer for sale and sell an unauthorized line of Grumpy Cat roasted coffee ground products, marketed as "Grumpy Cat Roasted Coffee" (the "Infringing Product").

26.    Not only was the Infringing Product never approved by Plaintiff under the License Agreement, but the packaging and marketing materials for the Infringing

Product, as depicted in the example below, primarily and exclusively incorporate Plaintiff's exclusive intellectual property, including the Grumpy Cat Copyrights and the Grumpy Cat Trademarks – <u>a use which Plaintiff has never approved</u>.



27.     Without authorization, Defendants (both Nick Sandford and Paul Sandford in their individual capacity as well as on behalf of Grenade) have extensively and repeatedly exploited the Grumpy Cat Copyrights and the Grumpy Cat Trademarks, including confusingly similar derivative depictions thereof, in connection with the sale and advertisement of the Infringing Product, including without limitation on widely popular social media websites such as Twitter, Facebook, and Instagram. For instance, Plaintiff is informed and believes that Nick Sandford and Paul Sandford caused the following unauthorized advertisement to be posted on Instagram on or around December 4, 2015:

1

2

3

4

5

6

7

8

9

10

11

12

13



14    28.    The www.drinkgrumpycat.com website, which Plaintiff is informed and

15   believes is owned and operated by Defendants, and through which Defendants are

16   currently selling and distributing the Infringing Product direct to consumers, is also

17   replete with unauthorized uses of the Grumpy Cat Copyrights and Grumpy Cat

18   Trademarks.   Among other unauthorized uses, Defendants have been selling and

19   continue to sell "Grumppuccinno" t-shirts which blatantly infringe on the Grumpy Cat

20   Copyrights and Grumpy Cat Trademarks

21    29.    Without Plaintiff's authorization, Defendants have also obtained the rights

22   and ownership to the internet domain www.grumpycat.com (the "Infringing Website"),

23   and have been operating the Infringing Website for the purpose of furthering their

24   unauthorized use and exploitation of the Grumpy Cat Copyrights and Grumpy Cat

25   Trademarks.   Despite repeated demands from Plaintiff to transfer and turn over the

26   rights to the Infringing Website, Defendants have refused.

27

28

_____

COMPLAINT

30. Separate and apart from Defendants' unauthorized use and misappropriation of the Grumpy Cat Copyrights and Grumpy Cat Trademarks, in connection with the Infringing Product (which also constitutes a breach by Grenade of the express approval requirements set forth in the License Agreement), Grenade has also breached its contractual obligations to Plaintiff under the License Agreement by, *inter alia*:

    a. Failing to provide Plaintiff with detailed monthly accountings, much less any accountings, despite repeated requests from Plaintiff. Even after Plaintiff demanded a formal audit (as allowed by the License Agreement), Grenade only provided an incomplete and questionable set of purported sales documents.

    b. Failing to pay Plaintiff the royalty payments to which Plaintiff is informed and believes it is entitled based upon existing sales of the "Grumpy Cat Grumppuccino" product line.

    c. Selling "Grumppuccinno" t-shirts that exceed the limited scope of the iced-coffee product line authorized by the License Agreement, and then failing to account to Plaintiff for these sales.

    d. Failing to form a <u>California</u> limited liability company called "Grumpy Beverage LLC" pursuant to Section 6(d) of the License Agreement, and instead forming a <u>Texas</u> limited liability company with the same name.

    e. Failing to "negotiate in good faith" the terms of the Operating Agreement for "Grumpy Beverage LLC" with Plaintiff, as required by Section 6(d) of the License Agreement. In fact, despite repeated requests, Plaintiff has not even been provided with a copy of the Operating Agreement. As a result, Plaintiff has been kept completely in the dark regarding the operations of the very

11

COMPLAINT

company that was purportedly formed to maintain and manage Grenade's use of the Licensed Property, and in which Plaintiff is purportedly a 10% owner.

31.     As a result of Defendants' willful and intentional disregard of Plaintiff's intellectual property and contractual rights, Plaintiff has, *inter alia*, (1) been deprived of substantial monies to which it would otherwise be entitled in connection with Defendants' commercial use of the "Grumpy Cat" copyrights and trademarks, (2) been denied and deprived of the exclusive and valuable right to control and approve the use and exploitation of the "Grumpy Cat" copyrights and trademarks.  Accordingly, because Plaintiff's repeated attempts to notify Defendants of their misconduct and obtain an amicable resolution have been unsuccessful, Plaintiff has now been forced to seek legal recourse through this action.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. §101 *et seq.*)

### (Against All Defendants)

32.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

33.     As alleged, Plaintiff is the exclusive owner of the Grumpy Cat Copyrights, and has registered its copyright interests therein with the United States Copyright Office.

34.     By engaging in the conduct described herein, including by reproducing, and/or otherwise exploiting the Grumpy Cat Copyrights in connection with the Infringing Product and by advertising, distributing, and/or selling the Infringing Product to unwary consumers both in the State of California and throughout the United States, Defendants have infringed Plaintiff's exclusive rights under the Copyright Act in and to the Grumpy Cat Copyrights.

12

35.     At no time has Plaintiff authorized or consented to Defendants' infringing conduct described herein.

36.     Defendants' infringement of Plaintiff's rights in and to the Grumpy Cat Copyrights has been and continues to be intentional, willful, and with full knowledge of Plaintiff's rights.

37.     Each reproduction, advertisement, distribution, dissemination, and/or other unauthorized exploitation of the Grumpy Cat Copyrights by Defendants constitutes a separate and distinct and continuing act of infringement.

38.     As a direct and proximate result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.  Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of One Hundred Fifty Thousand Dollars ($150,000) for each of the individual infringements forming the basis of this action, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

39.     Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

40.     Defendants' conduct threatens to cause, is causing, and unless enjoined and restrained by this Court will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in monetary damages alone. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunction prohibiting further infringements of its exclusive copyrights.

COMPLAINT

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement, 15 U.S.C. § 1114)

### (Against All Defendants)

41.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

42.     As alleged, Plaintiff is the exclusive owner of the Federal Word Marks and the Federal Design Marks, which marks are registered with the USPTO.

43.     Through their above-described actions, Defendants have used and continue to use in commerce a reproduction or copy of the Federal Word Marks and Federal Design Marks and/or colorable imitations thereof that are confusingly similar to those marks in connection with the sale, offering for sale, distribution, or advertising of goods, including the Infringing Product and the "Grumppuccinno" t-shirts, which use is likely to cause consumer confusion, or to cause mistake, or to deceive.

44.     The aforesaid conduct of Defendants is without the consent or permission of Plaintiff.

45.     As a result of Defendants' infringement, Plaintiff has suffered and continues to suffer monetary damages, and Defendants have unlawfully profited, in an amount which cannot be accurately computed at this time but will be proven at trial.

46.     Plaintiff is also entitled to the disgorgement of Defendants' profits under 15 U.S.C. § 1117(a).

47.     Plaintiff is further entitled to recover treble damages pursuant to 15 U.S.C. § 1117(a).

48.     Plaintiff is further entitled to injunctive relief because the conduct of Defendants has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

49.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent,

14

deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights.  As such, Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

**(Trademark Infringement and False Designation of Origin, 15 U.S.C. § 1125(a))**

**(Against All Defendants)**

50.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

51.    Plaintiff's Grumpy Cat Trademarks have tremendous good will, are distinctive, have been used throughout the United States and worldwide, and are well known to the trade and members of the purchasing public.  The public associates and identifies the Grumpy Cat Trademarks with Plaintiff.

52.    Without Plaintiff's authorization or consent, Defendants have used the Grumpy Cat Trademarks to advertise and sell, without limitation, the Infringing Product.

53.    Defendants' distribution, advertisement, sale, offer for sale, and/or other sale of the Infringing Product bearing Plaintiff's Grumpy Cat Trademarks constitutes false designation of origin or sponsorship of said product and tends falsely to represent that the product originates from Plaintiff or has been sponsored, approved, or licensed by Plaintiff or is in some way affiliated or connected with Plaintiff.  Such conduct of Defendants is likely to confuse, mislead, and deceive Defendants' customers, purchasers, and members of the public as to the origin of the the Infringing Product or cause said persons to believe that the Infringing Product and/or Defendants' infringing conduct have been sponsored, approved, authorized, or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff, all in violation of 15 U.S.C. § 1125(a).

15

54.     Defendants' actions were done willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

55.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

56.     Plaintiff is also entitled to the disgorgement of Defendants' profits pursuant to 15 U.S.C. § 1117(a).

57.     Plaintiff is further entitled to recover treble damages pursuant to 15 U.S.C. § 1117(a).

58.     Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief because the conduct of Defendants described above, has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its trademarks, and to the business, reputation, and goodwill of Plaintiff.

59.     Plaintiff has been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Trademark Dilution, 15 U.S.C. § 1125(c))**

**(Against All Defendants)**

60.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

61.     The Grumpy Cat Trademarks are each distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of Defendants' conduct alleged herein.

COMPLAINT

62.   Defendants' conduct in connection with the Infringing Product is likely to dilute and is diluting the distinctive quality of the famous Grumpy Cat Trademarks, in that Defendants' conduct is likely to create and has created an association between the Infringing Product and the Grumpy Cat Trademarks, which impairs the distinctiveness of those famous marks and lessens the capacity of those famous marks to identify and distinguish products marketed and sold by Plaintiff and/or its authorized licensees under those marks.

63.   On information and belief, Defendants' acts of trademark dilution have been done willfully and deliberately and Defendants have profited and been unjustly enriched by sales that Defendants would not otherwise have made but for their unlawful conduct.  As such, Plaintiff is entitled to the disgorgement of Defendants' profits under 15 U.S.C.§ 1117(a).

64.   Plaintiff is further entitled to recover treble damages pursuant to 15 U.S.C. § 1117(a).

65.   Plaintiff has no adequate remedy at law.  Plaintiff is entitled to injunctive relief because the conduct of Defendants described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its trademarks, and to the business, reputation, and goodwill of Plaintiff.

66.   Plaintiff has been damaged by, and Defendants have profited from, Defendants' wrongful conduct in an amount to be proven at trial.

67.   This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that Defendants' actions have been malicious, fraudulent, deliberate, willful, and taken in bad faith with full knowledge and in conscious disregard of Plaintiff's rights. As such, Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

COMPLAINT

**FIFTH CLAIM FOR RELIEF**

**(Cybersquatting, 15 U.S.C. § 1125(d))**

**(Against All Defendants)**

68.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth

69.    As owners, registrants, and/or operators of the Infringing Website, which has a domain name - www.grumpycat.com (the "Domain Name") - comprised entirely of the Grumpy Cat Trademarks, Defendants have engaged in a false designation of origin and/or had a bad-faith intent to profit and obtain other benefits from the registration, trafficking and/or use of the Domain Name, pursuant to the Anti-Cybersquatting Consumer Protection Act of 1999, 15 U.S.C. § 1125(d) (hereinafter the "Anti-Cybersquatting Act").

70.    The Grumpy Cat Trademarks are and have been continuously used in commerce to identify Plaintiff's unique brand, business and products associated with the mark.

71.    The Grumpy Cat Trademarks, as used and incorporated by Defendants in the Domain Name, were distinctive and famous, and were used by Plaintiff in commerce prior to and at the time the Domain Name was registered and/or otherwise obtained by Defendants, and at all other times relevant hereto.

72.    The Defendants' bad-faith intent is to use the Domain Name to direct and divert consumers to the Infringing Website, thus confusing consumers into believing that Plaintiff authorizes, sponsors or somehow is affiliated with Defendants' unauthorized use of the Grumpy Cat Trademarks, which is not the case.  Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, are trading on Plaintiff's good reputation and recognizable trademarks for a commercial purpose via the Infringing Website and Domain Name, thus converting the potential economic value in the Grumpy Cat Trademarks to their own commercial

COMPLAINT

advantage or in an effort to harm Plaintiff.  Defendants' registration and use of the Infringing Website and Domain Name also dilutes the distinctiveness of the Grumpy Cat Trademarks.

73.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, have had, and continue to have, a bad faith intent to profit from the Domain Name.  Specifically, Defendants registered and/or purchased the Domain Name without the prior knowledge, permission or consent of Plaintiff, and have undertaken efforts to obtain a profit and other benefits from exploitation and use of the Domain Name and Infringing Website, even after Plaintiff demanded that Defendants discontinue the use of the Domain Name incorporating Plaintiff's Grumpy Cat Trademarks.  Such actions constitute a violation of the Anti-Cybersquatting Act.

74.    Plaintiff is therefore entitled to a judgment from this Court compelling Defendants, and each of them, to transfer all ownership in the Domain Name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(c).

75.    Plaintiff is further entitled to a Preliminary and Permanent Injunction enjoining Defendants, and each of them, and their agents and employees and representative, from any use of the Domain Name, or any other variations thereof, pursuant to 15 U.S.C. § 1116(a).

76.    Plaintiff is further entitled to a judgment from this Court awarding Plaintiff all actual damages proximately caused by Defendants, and each of them,  or, in the alternative, statutory damages in the amount of $100,000, pursuant to 15 U.S.C. § 1117 (a) and (d).

77.    Plaintiff is further entitled to a judgment from this Court awarding it recovery of all costs of the action, including an award of reimbursement of reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 (a)(3).

19

COMPLAINT

## SIXTH CLAIM FOR RELIEF

### (Breach of Contract)

### (Against Grenade)

78.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

79.    As alleged, Plaintiff and Grenade entered into the written License Agreement.

80.    In addition to the express provisions of the License Agreement set forth above, an implied covenant of good faith and fair dealing also existed which precluded Grenade from doing anything that would injure Plaintiff's right to receive the benefits of the License Agreement.

81.    Plaintiff has performed the obligations, promises and covenants required of it under the License Agreement, except to the extent that such performance has been prevented or excused by the acts or omissions of Grenade.

82.    Grenade has breached his obligations under the License Agreement by the conduct set forth in Paragraphs 21-30.

83.    To the extent any of Grenade's above-described conduct did not constitute a breach of the express provisions of the License Agreement, it nevertheless constituted a breach of the implied covenant of good faith and fair dealing.

84.    As an actual and proximate result of Grenade's express and/or implied breaches of the License Agreement, Plaintiff has suffered and incurred, and will continue to suffer and incur, substantial damages, monetary harm and injury in an amount to be proven at trial.

85.    Pursuant to Section 14(b) of the License Agreement, Plaintiff is also entitled to the recovery of its attorneys' fees and costs.

20

_____

COMPLAINT

1

## SEVENTH CLAIM FOR RELIEF

2

### (Accounting)

3

### (Against All Defendants)

4       86.     Plaintiff incorporates by reference each and every allegation contained in

5  Paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

6       87.     As alleged, there are substantial monies due and owing to Plaintiff under

7  the License Agreement, and Plaintiff is further owed monies stemming from

8  Defendants' unauthorized use and exploitation of the Grumpy Cat Copyrights and

9  Grumpy Cat Trademarks.

10      88.     Defendants are exclusively in control over the financial information

11  necessary to ascertain the exact amounts owed to Plaintiff, and Defendants have

12  refused to account to Plaintiff for these amounts.

13      89.     Accordingly, to fully ascertain the complete sum that is currently owed to

14  Plaintiff by Defendants, Plaintiff demands the right to conduct a full and accurate

15  accounting of Defendants' relevant books and records.

16

17

## PRAYER FOR RELIEF

18      WHEREFORE, Plaintiff demands relief and judgment against Defendants,

19  jointly and severally, as follows:

20      1.     That Defendants, their agents, servants, employees, representatives,

21  successors, and assigns, and all persons, firms, or corporations in active concert or

22  participation with Defendants, be preliminarily and permanently enjoined from:

23              a. distributing, advertising, offering for sale, or selling the Infringing

24                 Product;

25              b. directly or indirectly infringing and/or contributing to the infringement

26                 of any of the Grumpy Cat Copyrights and the Grumpy Cat Trademarks

27                 in any manner, including generally, but not limited to manufacturing,

28

COMPLAINT

distributing, advertising, selling, and/or offering for sale any merchandise, including the Infringing Product, which infringe the Grumpy Cat Copyrights and Grumpy Cat Trademarks, and specifically:

   i.   manufacturing, advertising, distributing, selling, and/or offering for sale said products or any other unauthorized items, which picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to the Grumpy Cat Copyrights and Grumpy Cat Trademarks; or

  ii.   manufacturing, advertising, distributing, selling, or offering for sale or in connection thereto any unauthorized promotional materials, which picture, reproduce, or utilize the likenesses of, or which bear substantial similarity to Grumpy Cat Copyrights and Grumpy Cat Trademarks; or

 iii.   engaging in any conduct and/or contributing to any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff (other than as authorized by the License Agreement);

 iv.   affixing, applying, annexing and using in connection with the manufacture, distribution, advertisement, sale, and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to

_____

COMPLAINT

1    falsely describe or represent such goods as being those of

2    Plaintiff; and

3       c.  otherwise competing unfairly with Plaintiff in any manner;

4    2.    That Plaintiff be awarded damages for Defendants' copyright

5    infringement in the amount of: (i) Defendants' profits derived from their unlawful

6    infringement of the Grumpy Cat Copyrights; or (ii) statutory damages for each act of

7    infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at

8    Plaintiff's election before the entry of a final judgment;

9    3.    That Plaintiff be awarded damages and Defendants be ordered to account

10   for and pay over to Plaintiff all profits realized by Defendants by reason of

11   Defendants' unlawful acts herein alleged, and that these damages and profits be

12   increased as provided by law;

13   4.    That this case be deemed an "exceptional" case pursuant to 15 U.S.C. §

14   1117, because of the willful and deliberate nature of Defendants' act of trademark and

15   infringement, trademark dilution, and false designation of origin;

16   5.    That Plaintiff recover reasonable attorneys' fees in accordance with 17

17   U.S.C. §505;

18   6.    That Plaintiff recover reasonable attorneys' fees and costs in accordance

19   with 15 U.S.C. § 1117;

20   7.    That Plaintiff recover treble damages pursuant to 15 U.S.C. § 1117(a);

21   8.    That Defendants be ordered to transfer all ownership in the Domain Name

22   to Plaintiff, pursuant to the Anti-Cybersquatting Act, 15 U.S.C. § 1125(d)(1)(C);

23   9.    That Defendants, their agents, servants, employees, representatives,

24   successors, and assigns, and all persons, firms, or corporations in active concert or

25   participation with Defendants, be immediately and permanently enjoined from any

26   use of the Domain Name and any other variations thereof, pursuant to the Anti-

27   Cybersquatting Act, 15 U.S.C. § 1116(a);

28

COMPLAINT

10.    That Plaintiff recovers its actual damages proximately caused by the Defendants' unlawful use of the Domain Name, or, in the alternative, statutory damages of $100,000, pursuant to the Anti-Cybersquatting Act, 15 U.S.C. § 1117 (a) and (d);

11.    That Plaintiff recover its costs of the action, including an award of reimbursement of reasonable attorneys' fees, pursuant to the Anti-Cybersquatting Act, 15 U.S.C. § 1117 (a)(3).

12.    That Plaintiff be awarded damages stemming from Grenade's breach of the License Agreement in an amount subject to proof at trial;

13.    That Plaintiff recover attorneys' fees and costs pursuant to Section 14(b) of the License Agreement;

14.    That Plaintiff be granted the right to conduct a full and accurate accounting of Defendants' relevant books and records in order to determine the full sum owed by Defendants to Plaintiff on account of Defendants' misconduct;

15.    That Defendants, within thirty days after the service of the judgment herein, be required to file with this Court and serve upon Plaintiff's attorneys, a written report under oath setting forth in detail the manner in which they have complied with the judgment;

16.    That Plaintiff be awarded pre-judgment and post-judgment interest; and

17.    That the Court grant Plaintiff such other and further relief as it deems just and equitable to make Plaintiff whole for the damage caused by Defendants.

Dated: December 11, 2015

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS
LINDSAY D. MOLNAR

By:   ___/s/ David B. Jonelis_____
         DAVID B. JONELIS

Attorneys for Plaintiff GRUMPY CAT LIMITED

24

COMPLAINT

## JURY DEMAND

Plaintiff GRUMPY CAT LIMITED respectfully requests a jury trial on all triable issues set forth in this Complaint.

Dated: December 11, 2015        LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
DAVID B. JONELIS
LINDSAY D. MOLNAR


By:    /s/ David B. Jonelis
           DAVID B. JONELIS

        Attorneys for Plaintiff GRUMPY CAT
        LIMITED

25

COMPLAINT