1  **MARTIN D. SINGER (BAR NO. 78166)**
   mdsinger@lavelysinger.com
2  **DAVID B. JONELIS (BAR NO. 265235)**
   lmolnar@lavelysinger.com
3  **LINDSAY D. MOLNAR (BAR NO. 275156)**
4  lmolnar@lavelysinger.com
   **LAVELY & SINGER**
5  **PROFESSIONAL CORPORATION**
6  2049 Century Park East, Suite 2400
   Los Angeles, California  90067-2906
7  Telephone:  (310) 556-3501
8  Facsimile:  (310) 556-3615

9
   Attorneys for Plaintiff GRUMPY CAT LIMITED
10
11                    **UNITED STATES DISTRICT COURT**

12         **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

13
   GRUMPY CAT LIMITED, an Ohio      ) Case No.:  8:15-cv-02063
14 Limited Liability Entity,        )
                                    ) [Hon. David O. Carter – Court Room 9D]
15                                  )
             Plaintiff,             )
16      v.                          ) **JOINT RULE 26(f) REPORT**
17                                  )
   GRENADE BEVERAGE LLC, a          )
18 California Limited Liability     ) Scheduling Conference:
   Company; PAUL SANDFORD, an       )     April 25, 2016 at 8:30 AM
19 individual; NICK SANDFORD, an    )
20 individual; and DOES 1-50,       )
                                    )
21                                  )
             Defendants.            )
22                                  )
23                                  )
                                    )
24                                  )
25                                  )
                                    )
26                                  )
                                    )
27                                  )
   _____  )
28

---
JOINT 26(f) REPORT

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Central District of California Local Rule 26-1, and this Court's Order Setting Scheduling Conference, Plaintiff GRUMPY CAT LIMITED ("Plaintiff"), on the one hand, and Defendants GRENADE BEVERAGE LLC, PAUL SANDFORD, and NICK SANDFORD (collectively, "Defendants"), on the other hand, (collectively, the "Parties") submit this joint report following the conference of counsel required by Rule 26(f) of the Federal Rules of Civil Procedure, which was held telephonically on April 4, 2016.

## TOPICS SET FORTH IN THIS COURT'S ORDER SETTING SCHEDULING CONFERENCE

**1) Short Factual Summary of the Case and of Claims and Defenses**

Plaintiff is suing for (1) Copyright Infringement, (2) Trademark Infringement, (3) False Designation of Origin, (4) Trademark Dilution, (5) Cybersquatting, (6) Breach of Contract, and (7) Accounting. Defendants deny wrongdoing and contend that they are not the real party in interest. Instead, Grumpy Beverage, LLC is the real party in interest and will be filing a motion to interplead as a defendant and for leave to file counterclaims against Plaintiff.

*Plaintiff's Position*

Although alleged as seven separate causes of action, Plaintiff's position could not be more simple or straightforward. In short, this dispute arises out of Defendant Grenade Beverage's material breaches of a clearly-worded license agreement that it entered into with Plaintiff (the lawful and exclusive owner of the copyrights and trademarks in and to the famous and valuable "Grumpy Cat" brand), pursuant to which Grenade (which is owned and operated by Defendants Paul and Nick Sandford) was granted limited rights to use the "Grumpy Cat" intellectual property in connection with

a line of "Grumpy Cat"-branded coffee beverages. Because these breaches include Defendants' unauthorized use of Plaintiff's intellectual property, they also constitute trademark and copyright infringement.

Of relevance to this dispute, because Plaintiff is understandably particular about how its intellectual property is exploited, its license agreement with Grenade mandated that Grenade obtain Plaintiff's express approval before creating and/or exploiting any "Grumpy Cat"-branded products. As part of its compensation, Plaintiff was also to be provided 10% equity interest in a to-be-formed separate entity. The license agreement required that Grenade likewise set up a <u>California</u> limited liability company (to be called, fittingly, Grumpy Beverage, LLC) in order to handle the exploitation of the "Grumpy Cat"-branded beverages created under the agreement. The license agreement further required that Plaintiff be involved in the good-faith negotiation of the LLC's operating agreement. Finally, the license agreement required that Grenade provide detailed monthly accountings to Plaintiff concerning any sales of approved "Grumpy Cat" coffee products.

In material breach of the license agreement, Grenade (acting through Defendants Paul and Nick Sandford), *inter alia*, (1) created and exploited a line of ground coffee products that was never approved by Plaintiff (to the contrary, Plaintiff repeatedly expressed its objection to such exploitation), (2) failed to set up a <u>California</u> LLC called "Grumpy Beverage, LLC," instead secretly forming a <u>Texas</u> LLC without Plaintiff's knowledge or participation, (3) failed to allow Plaintiff to participate in the negotiation of Grumpy Beverage, LLC's operating agreement (indeed, Plaintiff was never even provided with a copy of the operating agreement), and (4) failed to account to Plaintiff for the sales of the iced-coffee product that Plaintiff had actually approved.

Moreover, without Plaintiff's authorization, Defendants obtained the rights and ownership to the internet domain and website <u>www.grumpycat.com</u> (which name obviously has nothing to do with Defendant's coffee products and which instead

1  broadly describes Plaintiff's entire brand) and have been using that domain to exploit
2  the very "Grumpy Cat"-branded products that Plaintiff never approved in the first
3  place under the license agreement.
4      Based on Defendants' unauthorized use of Plaintiff's intellectual property, they
5  are liable to Plaintiff for copyright and trademark infringement. Moreover, based on
6  their inexplicable and unauthorized registration and use of the *www.grumpycat.com*
7  website, Defendants are liable to Plaintiff for cybersquatting.

### *Defendants' Position*

10      The agreement at the heart of this case is anything but a clearly worded license
11  agreement setting out a traditional licensor/licensee relationship. In a traditional
12  licensor/licensee relationship, one party owns intellectual property (licensor) and
13  allows another to use the same (licensee) in exchange for payment (typically in the
14  form of a percentage royalty). The only involvement of the intellectual property owner
15  (licensor) in the typical scenarios is generally limited to that of oversight or quality
16  control.
17      The agreement at issue in this lawsuit is markedly different in that it called for
18  the formation of a separate legal entity (i.e., "Grumpy Beverage, LLC") whereupon
19  Plaintiff would be partial owner of the newly formed business. The newly formed
20  business would then create a coffee beverage business complete with distinctive
21  product names, artwork and packaging. When the newly-formed company was
22  established, Grumpy Beverage, LLC held up its end of the bargain by creating
23  distinctive product names such as "GRUMPPUCCINO", distinctive artwork such as
24  the cartoon image of a cat (referred to as the "Grumpy Cat Cartoon Image"), and
25  distinctive packaging with highly identifiable trade dress.
26      For its part, Plaintiff did nothing but make numerous material representations to
27  induce the formation of Grumpy Beverage, LLC. Despite Grumpy Beverage, LLC's
28  endeavors and efforts, Plaintiff failed to hold up its end of the bargain entirely. Indeed,

after Plaintiff received a $150,000 advance payment, Plaintiff refused to provide any continuing support whatsoever, failed to cooperate with Grumpy Beverage, LLC, and was completely obstructive in all respects of the operation of the business and marketing efforts.  Thus, this dispute involves a contractual arrangement for a business venture that was at best breached by the Plaintiff and at worst was induced by the Plaintiff through intentional omission and misrepresentation of material facts.

Grumpy Beverage, LLC is the real party in interest and lawful and exclusive owner of the grumpycat.com and drinkgrumpycat.com domain names, the copyright in and to the "Grumpy Cat Cartoon Image", the GRUMPPUCCINO trademark, and the trade dress corresponding to the coffee lines.  By refusing to perform obligations under the contract and refusing to approve Grumpy Beverage's requests without justification, Plaintiff is in breach of contract and in breach of the covenant of fair dealing.

Notwithstanding the foregoing, and despite the fact that Plaintiff is presently engaged in litigation with Grumpy Beverage, LLC before the U.S. Patent and Trademark Office, Trademark Trial and Appeal Board, Plaintiff has intentionally omitted Grumpy Beverage, LLC as a Defendant in these proceedings.  Moreover, this is the case even though Grumpy Beverage, LLC is the beneficial holder of the domain names and many of the intellectual property assets at issue in these proceedings.  Accordingly, Grumpy Beverage, LLC will be filing a motion to intervene as a defendant in this case and for leave to file counterclaims against Plaintiff.

**2) Short Synopsis of the Principal Issues in the Case**

*Plaintiff's Position*

Again, Plaintiff submits that the issues in this case are simple and straightforward.  More specifically, this case effectively rises and falls on the determination of (1) whether Defendants had the right to create and exploit the line of "Grumpy Cat"-branded ground coffee products that Plaintiff contends it never

approved, (2) whether Defendants' formation of a Texas, rather than California, limited liability company called "Grumpy Beverage, LLC" was unlawful and a breach of the subject license agreement with Plaintiff, (3) whether Defendants had the right to obtain ownership of the internet domain and website www.grumpycat.com, and (4) whether Defendants properly accounted to Plaintiff under the license agreement.

### *Defendants' Position*

Defendants submit that the real party in interest for the bulk of the claims is Grumpy Beverage, LLC. Accordingly, based on Plaintiff's actions, Plaintiff is liable to Grumpy Beverage, LLC for 1) breach of contract, 2) breach of the covenant of good faith and fair dealing, 3) intentional misrepresentation and/or concealment, 4) reverse domain hi-jacking, and Grumpy Beverage, LLC is entitled to seek declaratory judgment of rights to ownership of the domain names at issue herein, the GRUMPPUCCINO trademark, the Grumpy Cat Cartoon Image, and the trade dress pertaining to the coffee beverage lines.

### 3) **Statement of Whether Parties Are Likely To Be Added and/or Whether The Pleadings Are Likely To Be Amended**

### *Plaintiff's Position*

Plaintiff contends that all necessary and proper parties have already been named and appeared in this lawsuit. Although Defendants apparently contend that the Texas entity Grumpy Beverage, LLC should be added as a party, it is Plaintiff's position that such entity is irrelevant to this action, as its creation was never authorized under the subject license agreement between the parties. Moreover, to the extent that Grumpy Beverage, LLC was involved in the unlawful registration of the www.grumpycat.com website (it is unclear since the registration information for that domain is not publicly available), Plaintiff contends that it was nevertheless Paul and Nick Sandford who

directly caused the alleged cybersquatting to transpire, and therefore they (rather than Grumpy Beverage, LLC) are the culpable parties.

### *Defendants' Position*

Grumpy Beverage, LLC is the real party in interest and is the owner of some of the intellectual property assets at issue in this lawsuit. Grumpy Beverage, LLC anticipates filing a motion to intervene and for leave to file counterclaims against Plaintiff Grumpy Cat Limited.

**4) Statement As To Issues Which Any Party Believes May Be Determined By Motion**

The parties each anticipate filing a motion for partial and/or total summary judgment after some discovery has been conducted. Plaintiff believes that all of its claims may be disposed of on summary judgment based on the undisputable facts that will be substantiated through discovery.

**5) Statement of What Settlement Discussions Have Occurred**

The parties, through their counsel, have generally discussed the prospect of settlement and are in agreement that a settlement would likely be in everyone's best interest. However, the parties also agree that productive settlement conversations cannot take place until, at the earliest, after documents have been produced through initial disclosures. As to the recommended settlement procedure, the parties currently anticipate that ADR Procedure No. 3 (private mediation) would be most appropriate in this matter.

**6) Discovery Plan**

The Parties anticipate utilizing all discovery allowed under Rule 26, including depositions, requests for documents, interrogatories, and requests for admission. The

Parties do not see a need to make any changes in disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, other than the date by which the Rule 26(a) disclosures will be made – which, for the sake of efficiency, should take place sometime in June 2016 once any additional claims have been put at issue – and discovery should not be conducted in phases or otherwise limited.

**7) Statement of Whether Trial Will Be by Jury or to the Court and a Realistic Estimated Length of Trial**

The parties would request a five (5) day timed jury trial, excluding jury selection, opening statement and closing argument.

**8) Proposed Pre-Trial and Trial Dates**

    a. Discovery Cut-off Date:  April, 3, 2017

    b. Final Motion Filing Cut-off Date: April, 10, 2017

    c. Final Pretrial Conference: Monday, June 12, 2017

    d. Trial Date: Tuesday, June 27, 2017

Dated:  April 11, 2016

Respectfully submitted,

**LAVELY & SINGER, PC**

By:  */s/ David B. Jonelis*
       David B. Jonelis

David B. Jonelis, State Bar No. 265235
Email: djonelis@lavelysinger.com
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   (310) 556-3501
Facsimile:    (310) 556-3615

Attorneys for Plaintiff
GRUMPY CAT LIMITED

Dated: April 11, 2016

**THE KINDER LAW GROUP**

By: */s/ Brian Kinder*
      Brian Kinder

Brian Kinder, State Bar No. 212332
Email: bkinder@tklglaw.com
19200 Von Karman, Fourth Floor
Irvine, California 92612
Telephone:  (949) 216-3070
Facsimile:   (949) 216-3074

Attorneys for Defendants
PAUL SANDFORD, NICK SANDFORD,
and GRENADE BEVERAGE LLC

## **Attestation Regarding Signatures**

I, David B. Jonelis, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 11, 2016                    By: /s/ David B. Jonelis
                                                        David B. Jonelis