# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)          Date: March 3, 2017

Title: GRUMPY CAT LIMITED V. GRENADE BEVERAGE LLC

PRESENT:

           THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISMISS [72]**

     Before the Court is Plaintiff Grumpy Cat Limited's ("Cat Ltd." or "Plaintiff") Motion to Dismiss Counterclaimants' Sixth and Seventh Causes of Action in the Second Amended Counterclaim ("Motion") (Dkt. 72). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering Plaintiff's arguments, the Court GRANTS IN PART Plaintiff's Motion.

## I.    Background and Procedural History

     Because the facts of this case have been fully laid out in recent orders, the Court will not recite the facts and background of this case in detail here. For a detailed summary of the facts, see the Court's December 19, 2016 Order ("Dec. 19 Order") (Dkt. 73).

     Plaintiff filed suit against Paul Sandford and Nick Sandford (collectively, the "Sandfords") and Grenade Beverage, LLC ("Grenade") on December 12, 2015 (Dkt. 1). The Clerk entered default against Grenade on June 7, 2016 (Dkt. 33). Grumpy Beverage LLC ("Grumpy Beverage") intervened and joined with the Sandfords in filing a

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 15-2063-DOC (DFMx) | Date: March 3, 2017 |
| | Page 2 |

counterclaim against Cat Ltd. on August 1, 2016 (Dkt. 39). Grumpy Beverage and the Sandfords (collectively, "Counterclaimants") then amended their counterclaim on October 3, 2016 (Dkt. 52), and Plaintiff filed a Motion to Dismiss the Counterclaim on November 11, 2016 (Dkt. 57). The Court granted the Motion to Dismiss in part on December 6, 2016, dismissing the Sandfords' negligent and fraudulent misrepresentation claims (Dkt. 63). Counterclaimants filed a Second Amended Counterclaim ("SACC") on December 19, 2016 (Dkt. 65).

Plaintiff filed the instant Motion on January 18, 2017 (Dkt. 72). Counterclaimants' Opposition was due on February 6, 2017. *See* L.R. 7-9. Counterclaimants filed their Opposition on February 17, 2017 ("Opposition") (Dkt. 78). At the same time, the parties filed a joint stipulation ("Stipulation") (Dkt. 77) requesting the hearing on this Motion, ad related deadlines, be adjusted due to a serious medical emergency in Counterclaimants' counsel's family. The Court granted the Stipulation (Dkt. 79). Plaintiff filed their Reply on February 27, 2017 (Dkt. 80).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 268 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see also* Fed. R. Civ. P. 9(b). The "circumstances required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Further, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-2063-DOC (DFMx)                                         Date: March 3, 2017
                                                                                                                                          Page 3

Cir. 1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. *Id.* at 1103. This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Courts consider four factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. Discussion

Plaintiff moves to dismiss Counterclaimants' fraudulent and negligent misrepresentation claims on the grounds that (1) the Sandfords cannot plead fraudulent intent based on Plaintiff's alleged failure to perform under the Licensing Agreement ("Agreement"), (2) the Sandfords have not been harmed by the alleged misrepresentations, and (3) Grumpy Beverage cannot allege a fraud claim because it did not exist at the time of the alleged misrepresentations. *See* Mot. at 1.

To state a claim for intentional misrepresentation in California, claimants must allege, "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997), *as modified* (July 30, 1997).

The essential elements of a negligent misrepresentation claim are: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009). Though heightened pleading is not required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 15-2063-DOC (DFMx) | Date: March 3, 2017 |
| | Page 4 |

for negligence, "there is a consensus that the causal elements, particularly the allegations of reliance, must be specifically pleaded." *Id.*

Counterclaimants have made two notable changes to their fraudulent and negligent misrepresentation causes of action: (1) the addition of allegations of damage to the Sandfords, and (2) the addition of Grumpy Beverage as a counterclaimant as to the fraudulent and negligent misrepresentation claims. *See* SACC ¶¶ 70–98.

### A. The Sandfords

This is the third time Counterclaimants have alleged fraudulent and negligent misrepresentation claims on behalf of the Sandfords. In the Court's previous Order, the Court stated that "[s]hould the Sandfords seek to amend, they must provide clear allegations that they, not Grenade, have been harmed to state a claim for intentional and/or negligent misrepresentation." Dec. 19 Order at 9. Counterclaimants have failed to do so.

Although Counterclaimants make additional allegations regarding damages, they fail to allege a causal connection between Plaintiff's alleged misrepresentations and the Sandfords' damages. Counterclaimants first allege that the Sandfords bore the expense of Grumpy Beverage's formation, which was more than $50,000.00. SACC ¶ 75. Counterclaimants also allege the Sandfords caused Grenade to pay $125,000.00 to Plaintiff for an advanced license. *Id.* ¶ 76. Finally, Counterclaimants contend that the Sandfords operated and managed the business operations of Grumpy Beverage from July 2013 to January 2016 without compensation—expending labor worth more than $100,000.00. *Id.* ¶¶ 75–76.

First, Plaintiff argues that the Agreement required Grenade to pay $125,000.00 in advanced license fees. *See* Mot. at 9. This $125,000.00 was paid through Grenade after the parties entered into the Agreement. SACC ¶ 27. Counterclaimants plead that the Sandfords are "members" of Grenade and that they thus entered into the Agreement through Grenade. *See id.* ¶ 14. However, Counterclaimants do not claim that the Sandfords are alter egos of Grenade or so intermeshed with Grenade that damage to Grenade is damage to the Sandfords.

Second, Counterclaimants allege damages of over $50,000.000 resulting from the cost of forming Grumpy Beverage. *Id.* ¶ 75. Plaintiff contends that because the Agreement required Grenade, and not the Sandfords, "to develop, promote and sell the licensed products," the Sandfords were not induced to spend the $50,000.00 to form Grumpy Beverage. Mot. at 9–10. Thus, although the Sandfords may have spent this

Case 8:15-cv-02063-DOC-DFM Document 81 Filed 03/03/17 Page 5 of 6 Page ID #:771

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-2063-DOC (DFMx)                                            Date: March 3, 2017
                                                                                                                          Page 5

money in reliance on the alleged misrepresentations, they were not parties to the Agreement and thus were not induced or required to spend money to form Grumpy Beverage.

Finally, the Counterclaimants plead damages of over $100,000.00 in unpaid compensation due to the Sandfords for operating Grumpy Beverage from July 2013 to January 2016. SACC ¶ 75. However, Counterclaimants do not allege any specific facts to show how the Sandfords would have received this money absent the alleged misrepresentations. *See Med. Instrument Dev. Labs. v. Alcon Labs.*, No. C 05-1138 MFF, 2005 WL 1926673, at *4 (N.D. Cal. Aug. 10, 2005) (dismissing a fraud claim for plaintiff's failure to allege facts showing the alleged damages would have been received absent the fraudulent misrepresentations). Under California law, "[a] complete causal relationship between the fraud or deceit and the plaintiff's damages is required." *City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 853, 840 (9th Cir. 2004). Here, Counterclaimants allege that if Plaintiff's representations were true, "the value of . . . Grumpy Beverage, LLC would have . . . benefited and appreciated . . . ." SACC ¶ 76. This is a direct causal connection to Grumpy Beverage and not to the Sandfords—and Counterclaimants do not allege that if the representations were true, Grumpy Beverage would have, for example, been able to pay them or paid them more.

Because the SACC fails to allege damage to the Sandfords that directly resulted from the alleged misrepresentations, the Court finds that the SACC fails to sufficiently plead a claim for fraud as to the Sandfords.

### B. Grumpy Beverage

Counterclaimants also added Grumpy Beverage as a counterclaimant to the fraudulent and negligent misrepresentation causes of action. *See generally* SACC. Plaintiff argues that Grumpy Beverage cannot allege these fraud claims because it did not exist at the time of the alleged misrepresentations. *See* Mot. at 6.

This Court previously determined Grumpy Beverage has the right to bring a claim for breach of contract as an intended third party beneficiary. *See* Dec. 19 Order at 5. Counterclaimants point out that "[s]ome of the same misrepresentations made to induce the parties to enter into the agreement are the same promises [made] for the benefit of the 'third party.'" Opp'n at 5. Thus, Counterclaimants argue that Grumpy Beverage has the right to assert a claim based on those misrepresentations. *Id.* Counterclaimants cite to two cases in support of this argument: *Sutter v. Gen. Petroleum Corp.*, 28 Cal. 2d 525 (1946) and *Nathanson v. Murphy*, 132 Cal. App. 2d 363 (1955). *Id.* 4–5.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 15-2063-DOC (DFMx) | Date: March 3, 2017 |
| | Page 6 |

In *Nathanson*, the Court decided that even when misrepresentations and reliance occur before a corporation is formed, a corporation has a right to bring an action based on those prior misrepresentations. *Nathanson*, 132 Cal. App. 2d at 370–71. *See also Sutter*, 28 Cal. 2d at 531–32 (finding that misrepresentations made to plaintiffs before the company was formed "r[a]n also to the . . . [c]ompany when formed," causing injury to it). Therefore, the Court finds that Grumpy Beverage can allege intentional and negligent misrepresentation against Plaintiff based on the alleged misrepresentations made to induce the parties to enter into the agreement. For this reason, the Court DENIES Plaintiff's Motion as it relates to Grumpy Beverage.

Accordingly, the Court GRANTS IN PART Plaintiff's Motion and DISMISSES Counterclaimants' sixth and seventh causes of action in regard to the Sandfords. Prior to filing this SACC, Counterclaimants received specific instructions regarding the deficiencies in their pleadings. *See* Dec. 19 Order at 8. This was also Counterclaimants' third opportunity to correct these deficiencies. *See* Counterclaim (Dkt. 39); First Amended Counterclaim (Dkt. 52). Counterclaimants have nonetheless failed to sufficiently rectify these deficiencies. The Court concludes that further amendment of the Sandford's fraudulent and negligent misrepresentation claims would prove futile. *See Webb*, 655 F.2d at 980. Accordingly, these causes of action are dismissed WITH PREJUDICE.

### IV. Disposition

For the reasons explained above, the Court GRANTS IN PART Plaintiff's Motion and DISMISSES the Sandford's fraudulent and negligent misrepresentation claims WITH PREJUDICE. Grumpy Beverage's fraudulent and negligent misrepresentation claims survive.

The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djg |