1  **DAVID B. JONELIS (BAR NO. 265235)**
   djonelis@lavelysinger.com
2  **JAKE A. CAMARA (BAR NO. 305780)**
   jcamara@lavelysinger.com
3  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
4  2049 Century Park East, Suite 2400
   Los Angeles, California  90067-2906
5  Telephone:  (310) 556-3501
   Facsimile:  (310) 556-3615
6

7  Attorneys for Plaintiff and Counterdefendant
   GRUMPY CAT LIMITED
8
                 **UNITED STATES DISTRICT COURT**
9
          **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
10

| | |
|---|---|
| 11  GRUMPY CAT LIMITED, an Ohio Limited Liability Entity, | Case No:  8:15-cv-02063-DOC-DFM |
| 12 | **PLAINTIFF'S PROPOSED** |
| 13              Plaintiff, | **UNDISPUTED JURY** |
| | **INSTRUCTIONS (L.R. 51-1)** |
| 14         vs. | |
| 15  GRENADE BEVERAGE LLC, a California Limited Liability Company; | |
| 16  PAUL SANDFORD, an individual; NICK SANDFORD, an individual; and | |
| 17  DOES 1-50, | |
| 18              Defendants. | |
| 19 | Case filed:    December 11, 2015 |
| 20  PAUL SANDFORD, an individual; NICK SANDFORD, an individual; and | FPTC:          December 18, 2017 |
| 21  GRUMPY BEVERAGE, LLC, a Texas Limited Liability Company, | Trial date:    January 16, 2018 |
| | Judge:         Hon. David O. Carter |
| 22 | |
| 23              Counterclaimants, | |
| 24         vs. | |
| 25  GRUMPY CAT LIMITED, an Ohio Limited Liability Entity; and ROES 1-5, | |
| 26 | |
| 27              Counterdefendants. | |

28

---

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1    Pursuant to Local Rule 51 and Section IX.C of the Court's Scheduling Order,
2    Plaintiff and Counterdefendant GRUMPY CAT LIMITED hereby submits its
3    proposed jury instructions.

4    Copies of these proposed instructions were emailed to Defendants' counsel,
5    Brian Kinder and John Gulino, on December 22, 2017, along with a request that
6    Defendants' counsel indicate which instructions, if any, are disputed. *See* Exhibit A
7    attached hereto.   Plaintiff has received no response whatsoever from Defendants'
8    counsel regarding the proposed jury instructions.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Duty of Jury | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.2 (2017) | 1 |
| 2 | Claims and Defenses | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.5 (2017) | 2 |
| 3 | Burden of Proof – Preponderance of the Evidence | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.6 (2017) | 3 |
| 4 | Two or More Parties – Different Legal Rights | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.8 (2017) | 4 |
| 5 | What is Evidence | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.9 (2017) | 5 |
| 6 | What is Not Evidence | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.10 (2017) | 6 |
| 7 | Evidence for a Limited Purpose | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.11 (2017) | 7 |
| 8 | Direct and Circumstantial Evidence | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.12 (2017) | 8 |
| 9 | Ruling on Objections | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.13 (2017) | 9 |
| 10 | Credibility of Witnesses | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.14 (2017) | 10-11 |
| 11 | Conduct of the Jury | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.15 (2017) | 12-13 |
| 12 | Publicity During Trial | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.16 (2017) | 14 |
| 13 | No Transcript Available to Jury | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.17 (2017) | 15 |
| 14 | Taking Notes | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.18 (2017) | 16 |
| 15 | Bench Conferences and Recesses | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.20 (2017) | 17 |
| 16 | Outline of Trial | Ninth Circuit Manual of Model Jury Instructions: Civil § 1.21 (2017) | 18 |
| 17 | Stipulations of Fact | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.2 (2017) | 19 |
| 18 | Expert Opinion | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.13 (2017) | 20 |
| 19 | Impeachment Evidence - Witness | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.9 (2017) | 21 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| 20 | Charts and Summaries Not Received in Evidence | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.14 (2017) | 22 |
| 21 | Charts and Summaries Received in Evidence | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.15 (2017) | 23 |
| 22 | Evidence in Electronic Format | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.16 (2017) | 24-25 |
| 23 | Duty to Deliberate | Ninth Circuit Manual of Model Jury Instructions: Civil § 3.1 (2017) | 26 |
| 24 | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Manual of Model Jury Instructions: Civil § 3.2 (2017) | 27-28 |
| 25 | Communication with Court | Ninth Circuit Manual of Model Jury Instructions: Civil § 3.3 (2017) | 29 |
| 26 | Return of Verdict | Ninth Circuit Manual of Model Jury Instructions: Civil § 3.5 (2017) | 30 |
| 27 | Grumpy Cat - Elements of Copyright Infringement | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.5 (2017) | 31 |
| 28 | Grumpy Cat - Copyright Infringement – Copying/Distribution | 17 U.S.C. § 106; *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012) | 32 |
| 29 | Grumpy Cat - Copyright Infringement – Derivative Work | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.15 (2017); 17 U.S.C. § 106 | 33 |
| 30 | Grumpy Cat – Copyright Damages | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.32 (2017) (Modified) | 34 |
| 31 | Grumpy Cat – Copyright Statutory Damages | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.35 (2017) | 35 |
| 32 | Grumpy Cat – Statutory Damages – Willful infringement | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.37 (2017) | 36 |
| 33 | Grumpy Cat – Copyright Damages – Defendants' Profits | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.34 (2017) | 37 |
| 34 | Grumpy Cat - Elements of Trademark Infringement | Ninth Circuit Manual of Model Jury Instructions: Civil § 15.6 (2017) | 38 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| 35 | Grumpy Cat – Trademark Infringement – Validity and Ownership | Complaint ¶ 16; Defendants' First Amended Answer ¶ 16 | 39 |
|---|---|---|---|
| 36 | Grumpy Cat – Trademark Infringement – Likelihood of Confusion | Ninth Circuit Manual of Model Jury Instructions: Civil § 15.18 (2017)  (Modified) | 40-41 |
| 37 | Grumpy Cat – Trademark Damages | Ninth Circuit Manual of Model Jury Instructions: Civil § 15.26 (2017) | 42 |
| 38 | Grumpy Cat – Trademark Actual Damages | Ninth Circuit Manual of Model Jury Instructions: Civil § 15.27 (2017) | 43 |
| 39 | Grumpy Cat – Trademark Statutory Damages | 15 U.S.C. 1117(c) | 44 |
| 40 | Grumpy Cat – Trademark Defendants' Profits | Ninth Circuit Manual of Model Jury Instructions: Civil § 15.29 (2017) | 45 |
| 41 | Grumpy Cat - Elements of Trademark Dilution | *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) | 46 |
| 42 | Grumpy Cat - Trademark Dilution – Dilution by Tarnishment | 15 U.S.C 1125(c)(2)(C); *Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796, 805 (9th Cir. 2002) | 47 |
| 43 | Grumpy Cat - Elements of Breach of Contract | California Civil Jury Instructions (CACI) § 303 (2017) | 48 |
| 44 | Grumpy Cat – Court's Prior Determination of Grumpy Cat's Unrestricted Approval Rights | Order on MSJ p. 14 | 49 |
| 45 | Grumpy Cat - Breach of Contract – Substantial Performance | California Civil Jury Instructions (CACI) § 312 (2017) | 50 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| 46 | Grumpy Cat - Breach of Contract – Interpretation of Disputed Words | California Civil Jury Instructions (CACI) § 314 (2017) | 51 |
| 47 | Grumpy Cat - Breach of Contract – Interpretation of Ordinary Words | California Civil Jury Instructions (CACI) § 315 (2017). | 52 |
| 48 | Grumpy Cat - Breach of Contract – Construction of Contract as a Whole | California Civil Jury Instructions (CACI) § 317 (2017) | 53 |
| 49 | Grumpy Cat - Breach of Contract – Construction by Conduct | California Civil Jury Instructions (CACI) § 318 (2017) | 54 |
| 50 | Grumpy Cat - Breach of Contract – Introduction to Contract Damages | California Civil Jury Instructions (CACI) § 350 (2017) | 55 |
| 51 | Grumpy Cat - Breach of Contract – Obligation to Pay Money Only | California Civil Jury Instructions (CACI) § 355 (2017) | 56 |
| 52 | Grumpy Cat - Breach of Contract Loss of Profits | California Civil Jury Instructions (CACI) § 352 (2017) | 57 |
| 53 | Grumpy Beverage – Elements of Intentional Misrepresentation | California Civil Jury Instructions (CACI) § 1900 (2017) | 58 |
| 54 | Grumpy Beverage – Intentional Misrepresentation - Representation | California Civil Jury Instructions (CACI) § 1900 (2017); *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal.App.4th 1559, 1567 (1996); *Cohen v. S&S Construction Co.*, 151 Cal.App.3d 941, 946 (1983); *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014) | 59 |
| 55 | Grumpy Beverage – Intentional Misrepresentation – Truth or Falsity | *American General Life Ins. Co. v. Munshi*, 2012 WL 5267697 at *2 (C.D. Cal.); *Edmunds v. Valley Circle Estates*, 16 Cal.App.4th 1290, 1301 (1993) | 60 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| | | | |
|---|---|---|---|
| 56 | Grumpy Beverage – Intentional Misrepresentation – Reliance | California Civil Jury Instructions (CACI) § 1907 (2017) (Modified) | 61 |
| 57 | Grumpy Beverage – Intentional Misrepresentation – Reasonable Reliance | California Civil Jury Instructions (CACI) § 1908 (2017) | 62 |
| 58 | Grumpy Beverage – Elements of Negligent Misrepresentation | California Civil Jury Instructions (CACI) § 1903 (2017) | 63 |
| 59 | Grumpy Beverage – Negligent Misrepresentation - Representation | California Civil Jury Instructions (CACI) § 1900 (2017); *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal.App.4th 1559, 1567 (1996); *Cohen v. S&S Construction Co.*, 151 Cal.App.3d 941, 946 (1983); *Cansino v. Bank of America*, 224 Cal.App.4th 1462, 1469 (2014). | 64 |
| 60 | Grumpy Beverage – Negligent Misrepresentation – Truth or Falsity | *American General Life Ins. Co. v. Munshi*, 2012 WL 5267697 at *2 (C.D. Cal.); *Edmunds v. Valley Circle Estates*, 16 Cal.App.4th 1290, 1301 (1993) | 65 |
| 61 | Grumpy Beverage – Negligent Misrepresentation – Reliance | California Civil Jury Instructions (CACI) § 1907 (2017) | 66 |
| 62 | Grumpy Beverage – Negligent Misrepresentation – Reasonable Reliance | California Civil Jury Instructions (CACI) § 1908 (2017). | 67 |
| 63 | Grumpy Beverage – Elements of Breach of Fiduciary Duty | California Civil Jury Instructions (CACI) § 4101-4103 (2017) | 68 |
| 64 | Grumpy Beverage – Fiduciary Duty – Non-Managing Member | Cal. Corp. Code § 17704.09(f)(1) | 69 |
| 65 | Grumpy Beverage – Elements of Breach of Contract | California Civil Jury Instructions (CACI) § 303 (2017) | 70 |
| 66 | Grumpy Beverage – Breach of Contract – | California Civil Jury Instructions (CACI) § 312 (2017) | 71 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| | | Substantial Performance | | |
|---|---|---|---|---|
| | 67 | Grumpy Beverage – Breach of Contract – Interpretation of Disputed Words | California Civil Jury Instructions (CACI) § 314 (2017) | 72 |
| | 68 | Grumpy Beverage – Breach of Contract – Meaning of Ordinary Words | California Civil Jury Instructions (CACI) § 315 (2017). | 73 |
| | 69 | Grumpy Beverage – Breach of Contract – Construction of Contract as a Whole | California Civil Jury Instructions (CACI) § 317 (2017). | 74 |
| | 70 | Grumpy Beverage – Breach of Contract – Construction By Conduct | California Civil Jury Instructions (CACI) § 318 (2017). | 75 |
| | 71 | Grumpy Beverage – Breach of Contract – Unrestricted Right to Approve | Order on MSJ p. 14 | 76 |
| | 72 | Grumpy Beverage – Elements of Breach of Covenant of Good Faith and Fair Dealing | California Civil Jury Instructions (CACI) § 325 (2017) | 77 |
| | 73 | Grumpy Beverage – Covenant of Good Faith and Fair Dealing – Language of the Contract | *Brandt v. Lockheed Missiles & Space Co.*, 154 Cal.App.3d 1124, 1129 (1984) | 78 |
| | 74 | Grumpy Beverage – Covenant of Good Faith and Fair Dealing – Unrestricted Right to Approve | Order on MSJ p. 14 | 79 |
| | 75 | Grumpy Beverage – Elements of Intentional Interference with | California Civil Jury Instructions (CACI) § 2201 (2017) | 80 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

| | | Contractual Relations | | |
|---|---|---|---|---|
| 1 | 76 | Grumpy Beverage – Intentional Interference with Contractual Relations – Existence of a Contract | *PMC, Inc. v. Saban Entertainment, Inc.*, 45 Cal.App.4th 579, 601 (1996); California Civil Jury Instructions (CACI) § 2201 (2017). | 81 |
| 77 | Grumpy Beverage – Elements of Intentional Interference with Prospective Economic Advantage | California Civil Jury Instructions (CACI) § 2202 (2017) | 82 |
| 78 | Grumpy Cat Affirmative Defense – Unclean Hands | *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1223 (C.D. Cal. 2007) | 83 |
| 79 | Grumpy Cat Affirmative Defense – Failure to Mitigate | Ninth Circuit Manual of Model Jury Instructions: Civil § 5.3 (2017) | 84 |
| 80 | Grumpy Cat Affirmative Defense – Unjust Enrichment | *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000) | 85 |

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 1

## Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

1

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Instruction No. 2**

**Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Grumpy Cat Limited asserts that Defendants Paul Sandford, Nick Sandford, and Grumpy Beverage LLC infringed its copyrights and infringed its trademarks.  Grumpy Cat also asserts that Grumpy Beverage breached its agreement with Grumpy Cat. Grumpy Cat has the burden of proving these claims.

Defendants deny Grumpy Cat's claims and also assert that Grumpy Cat committed fraud, breached its fiduciary duties to Grumpy Beverage, breached its agreement with Grumpy Beverage, interfered with contractual relations, and interfered with a prospective economic advantage. Defendants have the burden of proof on these counterclaims.

Grumpy Cat denies all of the claims asserted by Defendants.

2

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 3**

**Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

3

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 4**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each party separately. Unless otherwise stated, these instructions apply to all parties.

4

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 5

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

     1. the sworn testimony of any witness;

     2. the exhibits that are admitted into evidence;

     3. any facts to which the lawyers have agreed; and

     4. any facts that I may instruct you to accept as proved.

5

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 6

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 7**

**Evidence for a Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

7

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 8

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

8

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 9**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

9

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things

10

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1   but told the truth about others, you may accept the part you think is true and ignore

2   the rest.

3          The weight of the evidence as to a fact does not necessarily depend on the

4   number of witnesses who testify. What is important is how believable the witnesses

5   were, and how much weight you think their testimony deserves.

11

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 11

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any

12

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

13

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 12

## Publicity during Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

14

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 13**

**No Transcript Available to Jury**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

15

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 14**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

16

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 15**

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

17

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 16**

**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

18

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 17**

**Stipulations of Fact**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

19

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 18**

**Expert Opinion**

You have heard testimony from an expert who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

20

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 19**

**Impeachment Evidence – Witness**

The evidence that a witness, e.g., has been convicted of a crime, lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

21

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 20**

**Charts and Summaries Not Received in Evidence**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

22

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 21**

**Charts and Summaries Received in Evidence**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

23

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 22

### Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the

24

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

25

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 23

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 24

## Consideration of Evidence – Conduct of Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

27

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1        These rules protect each party's right to have this case decided only on

2    evidence that has been presented here in court. Witnesses here in court take an oath

3    to tell the truth, and the accuracy of their testimony is tested through the trial process.

4    If you do any research or investigation outside the courtroom, or gain any

5    information through improper communications, then your verdict may be influenced

6    by inaccurate, incomplete or misleading information that has not been tested by the

7    trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if

8    you decide the case based on information not presented in court, you will have

9    denied the parties a fair trial. Remember, you have taken an oath to follow the rules,

10   and it is very important that you follow these rules.

11       A juror who violates these restrictions jeopardizes the fairness of these

12   proceedings, and a mistrial could result that would require the entire trial process to

13   start over. If any juror is exposed to any outside information, please notify the court

14   immediately.

28

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 25

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 26**

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

30

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 27**

**Grumpy Cat - Elements of Copyright Infringement**

One who reproduces, publicly distributes, publicly displays, or prepares derivative works from a copyrighted work without authority from the copyright owner infringes the copyright.

On Grumpy Cat's copyright infringement claim, Grumpy Cat has the burden of proving by a preponderance of the evidence that:

1. Grumpy Cat is the owner of a valid copyright; and

2. Paul Sandford, Nick Sandford, and/or Grumpy Beverage copied original expression from the copyrighted work.

If you find that Grumpy Cat has proved both of these elements, your verdict should be for Grumpy Cat. If, on the other hand, you find that Grumpy Cat has failed to prove either of these elements, your verdict should be for the Defendants.

31

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 28**

**Grumpy Cat - Copyright Infringement – Copying/Distribution**

If you find that Paul Sandford, Nick Sandford, and/or Grumpy Beverage reproduced and/or distributed Grumpy Cat's copyrights without Grumpy Cat's authorization, you must also find that the Sandfords and/or Grumpy Beverage copied original expression from the copyrighted work, as required to prove the second element of copyright infringement.

32

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 29**

**Grumpy Cat - Copyright Infringement – Derivative Work**

If you find that Paul Sandford, Nick Sandford, and/or Grumpy Beverage created adaptations or transformations of Grumpy Cat's copyrights without Grumpy Cat's authorization, you must find that the Sandfords and/or Grumpy Beverage copied the copyrighted works, as required to prove the second element of copyright infringement.

33

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 30**

**Grumpy Cat – Copyright Damages**

If you find for Grumpy Cat on its copyright infringement claim, you must determine its damages. Grumpy Cat may elect, at any time before final judgment is rendered, whether to seek actual or statutory damages. In addition, Grumpy Cat is also entitled to recover any profits of Defendants attributable to the infringement. Grumpy Cat must prove damages by a preponderance of the evidence.

34

**Joint Proposed Instruction No. 31**

**Grumpy Cat – Copyright Statutory Damages**

If you find for Grumpy Cat at on its copyright infringement claim, you must determine its damages. Grumpy Cat seeks a statutory damage award, established by Congress for each work infringed. Its purpose is not only to compensate Grumpy Cat for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

35

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 32**

**Grumpy Cat – Willful Infringement**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1. the defendant engaged in acts that infringed the copyright; and

2. the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

36

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 33**

**Grumpy Cat – Defendants' Profits**

The copyright owner is entitled to any profits of the Defendants attributable to the infringement.

You may make an award of the Defendants' profits only if you find that the plaintiff showed a causal relationship between the infringement and the profits generated indirectly from the infringement.

The Defendants' profit is determined by subtracting all expenses from the Defendants' gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of a product containing or using the copyrighted work. Grumpy Cat has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs and production costs incurred in producing the Defendants' gross revenue. The Defendants have the burden of proving the Defendants' expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

37

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1
2

**Joint Proposed Instruction No. 34**

**Grumpy Cat - Elements of Trademark Infringement**

On Grumpy Cat's trademark infringement claim, Grumpy Cat has the burden of proving each of the following elements by a preponderance of the evidence:

1. The Grumpy Cat word mark and image mark are valid, protectable trademarks;

2. Grumpy Cat owns the Grumpy Cat word mark and image mark as trademarks; and

3. the Sandfords and/or Grumpy Beverage used the Grumpy Cat word mark and/or image mark without the consent of Grumpy Cat in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

38

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 35**

**Grumpy Cat - Trademark Infringement – Validity and Ownership**

There is no dispute that the following word and image marks are valid and owned by Grumpy Cat:

    1.     "GRUMPY CAT": U.S. Trademark Reg. No. 4,527,097; U.S. Trademark Reg. No. 4,417,549

    2.     Image Mark: U.S. Trademark Reg. No. 4,820,434



39

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 36

### Grumpy Cat - Trademark Infringement – Likelihood of Confusion

You must consider whether Defendants' use of Grumpy Cat's trademarks is likely to cause confusion about the source of Grumpy Cat's or the Defendants' goods.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

1.     Strength or Weakness of Grumpy Cat's Marks. The more the consuming public recognizes Grumpy Cat's trademark as an indication of origin of Grumpy Cat's goods, the more likely it is that consumers would be confused about the source of the Defendants' goods if the Defendants use a similar mark.

2.     Similarity of the Marks. If the overall impression created by Grumpy Cat's trademarks in the marketplace is similar to that created by the Sandfords' and/or Grumpy Beverage's goods in appearance, there is a greater chance of likelihood of confusion. Similarities in appearance weigh more heavily than differences in finding the marks are similar.

3.     Defendants' Intent. Knowing use by Defendants of Grumpy Cat's trademarks to identify similar goods may strongly show an intent to derive benefit from the reputation of Grumpy Cat's mark, suggesting an intent to cause a likelihood of confusion. On the other hand, even in the absence of proof that the Defendants acted knowingly, the use of Grumpy Cat's trademarks to identify similar goods may indicate a likelihood of confusion.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

4.      Marketing/Advertising Channels. If Grumpy Cat's and Defendants'
goods are likely to be sold in the same or similar stores or outlets, or advertised
in similar media, this may increase the likelihood of confusion.

41

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 37**

**Grumpy Cat – Trademark Damages**

In order for Grumpy Cat to recover damages, it has the burden of proving by a preponderance of the evidence that Defendants had either statutory or actual notice that Grumpy Cat's trademarks were registered.

Defendant had statutory notice if:

    1. Grumpy Cat displayed the trademark with the words "Registered in U.S. Patent and Trademark Office" or

    2. Grumpy Cat displayed the trademark with the words "Reg. U.S. Pat. & Tm. Off." or

    3. Grumpy Cat displayed the trademark with the letter R enclosed within a circle, thus ®.

42

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 38

## Grumpy Cat – Trademark Actual Damages

If you find for Grumpy Cat on its infringement claim, you must determine its actual damages.

Grumpy Cat has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Grumpy Cat for any injury you find was caused by Defendants' infringement of Grumpy Cat's registered trademarks.

You should consider the following:

(1) The injury to Grumpy Cat's reputation;

(2) The injury to Grumpy Cat's goodwill, including injury to Grumpy Cat's general business reputation;

(3) The lost profits that Grumpy Cat would have earned but for the Defendants' infringement.  Profit is determined by deducting all expenses from gross revenue;

(4) The expense of preventing customers from being deceived; and

(5) The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of Grumpy Cat's mark at the time of the infringement by the defendant.

43

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 39**

**Grumpy Cat – Trademark Statutory Damages**

Grumpy Cat may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—

(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just; or

(2) if the Court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

44

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 40**

**Grumpy Cat – Trademark Defendants' Profits**

In addition to actual damages, Grumpy Cat is entitled to any profits earned by the Defendants that are attributable to the infringement, which Grumpy Cat proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue.

Gross revenue is all of Defendants' receipts from using the trademarks in the sale of a product. Grumpy Cat has the burden of proving Defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing the gross revenue. The Defendants have the burden of proving the expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the goods using the trademark is attributable to factors other than use of the trademark, you should find that the total profit is attributable to the infringement.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 41**

**Grumpy Cat - Elements of Trademark Dilution**

To prevail on its dilution claim, Grumpy Cat has the burden of proving by a preponderance of evidence the following elements:

1. Grumpy Cat's trademarks are famous and distinctive;

2. Defendants are making use of Grumpy Cat's trademarks in commerce;

3. Defendants' use began after Grumpy Cat trademarks became famous; and

4. Defendants' use of the Grumpy Cat trademarks is likely to cause dilution by blurring or dilution by tarnishment.

If you find that Grumpy Cat has proved each of these elements by a preponderance of the evidence, then your verdict on dilution should be for Grumpy Cat. If Grumpy Cat has failed to prove any of these elements, then your verdict on dilution should be for Defendants.

46

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 42**

**Grumpy Cat - Dilution by Tarnishment**

Dilution by tarnishment occurs when a famous mark is associated with an inferior or offensive product or service that harms the reputation of the famous mark.

47

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 43**

**Grumpy Cat - Elements of Breach of Contract**

To recover damages from Grumpy Beverage for breach of contract, Grumpy Cat must prove all of the following:

1.      That there was a contract between Grumpy Cat and Grumpy Beverage;

2.      That Grumpy Cat did all, or substantially all, of the significant things that the contract required it to do;

3.      That Grumpy Beverage failed to do something that the contract required it to do;

4.      That Grumpy Cat was harmed; and

5.      That Grumpy Beverage's breach of contract was a substantial factor in causing Grumpy Cat's harm

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 44**

**Grumpy Cat - Court's Prior Determination of Grumpy Cat's Unrestricted Approval Rights**

The Court has already found that the License Agreement grants Grumpy Cat an unrestricted right to approve or disapprove all uses of Grumpy Cat's name and image. Accordingly, in determining whether Grumpy Beverage breached the license agreement, you must take this finding into consideration.

49

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 45**

**Grumpy Cat - Breach of Contract – Substantial Performance**

Grumpy Beverage contends that Grumpy Cat did not perform all of the things that it was required to do under the License Agreement, and therefore Grumpy Beverage did not have to perform its own obligations under the contract. To overcome this contention, Grumpy Cat must prove both of the following:

1.      That Grumpy Cat made a good faith effort to comply with the contract; and

2.      That Grumpy Beverage received essentially what the contract called for because Grumpy Cat's failures, if any, were so trivial or unimportant that they could have been easily fixed.

50

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 46**

**Grumpy Cat - Breach of Contract – Interpretation of Disputed Words**

Grumpy Cat and Grumpy Beverage dispute the meaning of the following words in the License Agreement:

"'Products' shall mean a line of Grumpy Cat-branded coffee products."

Grumpy Cat claims that the words mean that the License Agreement only pre-approves a line of iced coffee products.  Grumpy Beverage claims that the words mean that the License Agreement pre-approves all types of coffee products, including ground coffee.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

51

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 47**

**Grumpy Cat - Breach of Contract – Interpretation of Ordinary Words**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

52

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 48**

**Grumpy Cat - Breach of Contract – Construction of Contract as a Whole**

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

53

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 49**

**Grumpy Cat - Breach of Contract – Construction by Conduct**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

54

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 50

### Grumpy Cat - Breach of Contract – Introduction to Contract Damages

If you decide that Grumpy Cat has proved its claim against Grumpy Beverage for breach of contract, you also must decide how much money will reasonably compensate Grumpy Cat for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Grumpy Cat in as good a position as it would have been if Grumpy Beverage had performed as promised.

To recover damages for any harm, Grumpy Cat must prove that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Grumpy Cat also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Grumpy Cat claims damages for unpaid royalties under the License Agreement and lost profits.

55

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 51**

**Grumpy Cat - Breach of Contract – Obligation to Pay Money Only**

To recover damages for the breach of a contract to pay money, Grumpy Cat must prove the amount due under the contract.

56

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 52**

**Grumpy Cat - Breach of Contract Loss of Profits**

To recover damages for lost profits, Grumpy Cat must prove that it is reasonably certain it would have earned profits but for Grumpy Beverage's breach of the contract.

To decide the amount of Grumpy Cat's damages for lost profits, you must determine the gross, or total, amount Grumpy Cat would have received if the contract had been performed and then subtract from that amount the costs Grumpy Cat would have had if the contract had been performed.

You do not have to calculate the amount of the lost profits with mathematical precision, but there must be a reasonable basis for computing the loss.

57

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 53**

**Grumpy Beverage – Elements of Intentional Misrepresentation**

In order to prove its claim for intentional misrepresentation, Grumpy Beverage must prove the following by a preponderance of the evidence:

1.   That Grumpy Cat represented to Grumpy Beverage that a fact was true;

2.   That Grumpy Cat's representation was false;

3.   That Grumpy Cat knew that the representation was false when it made the representation, or that it made the representation recklessly and without regard for its truth;

4.   That Grumpy Cat intended that Grumpy Beverage rely on the representation;

5.   That Grumpy Beverage reasonably relied on Grumpy Cat's representation;

6.   That Grumpy Beverage was harmed; and

7.   That Grumpy Beverage's reliance on Grumpy Cat's representation was a substantial factor in causing its harm.

58

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 54**

**Grumpy Beverage – Intentional Misrepresentation - Representation**

A representation may be made orally, in writing, or by nonverbal conduct. The representation must ordinarily be an affirmation of fact, as opposed to opinion. Actionable misrepresentations must pertain to past or existing material facts. Statements or predictions regarding future events are deemed to be mere opinions which are not actionable.

If you find that Grumpy Cat made no misrepresentation to Grumpy Beverage, your verdict must be for Grumpy Cat.

59

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 55**

**Grumpy Beverage – Intentional Misrepresentation – Truth or Falsity**

If you find that Grumpy Cat made representations to Grumpy Beverage, but those representations were true when made, your verdict must be for Grumpy Cat on the intentional misrepresentation claim.

60

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 56**

**Grumpy Beverage – Intentional Misrepresentation – Reliance**

Grumpy Beverage relied on Grumpy Cat's misrepresentation if:

1.      The misrepresentation substantially influenced Grumpy Beverage to enter into the Licensing Agreement; and

2.      Grumpy Beverage would probably not have entered into the License agreement without the misrepresentation.

If you find that Grumpy Beverage has failed to prove reliance, your verdict must be for Grumpy Cat.

61

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 57**

**Grumpy Beverage – Intentional Misrepresentation – Reasonable Reliance**

In determining whether Grumpy Beverage's reliance on the misrepresentation was reasonable, Grumpy Beverage must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for Grumpy Beverage to rely on the misrepresentations. In making this decision, take into consideration Grumpy Beverage's intelligence, knowledge, education, and experience.

However, it is not reasonable for Grumpy Beverage to rely on a misrepresentation that is preposterous. It also is not reasonable for Grumpy Beverage to rely on a misrepresentation if facts that are within Grumpy Beverage's observation show that it is obviously false.

If you find that the representation was not material or that Grumpy Beverage's reliance was not reasonable, your verdict must be for Grumpy Cat.

62

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 58**

**Grumpy Beverage – Elements of Negligent Misrepresentation**

Grumpy Beverage claims it was harmed because Grumpy Cat negligently misrepresented a fact. To establish this claim, Grumpy Beverage must prove all of the following by a preponderance of the evidence:

1.     That Grumpy Cat represented to Grumpy Beverage that a fact was true;

2.     That Grumpy Cat's representation was not true;

3.     That although Grumpy Cat may have honestly believed that the representation was true, Grumpy Cat had no reasonable grounds for believing that the representation was true when made;

4.     That Grumpy Cat intended that Grumpy Beverage relied on Grumpy Cat's representation;

5.     That Grumpy Beverage reasonably relied on Grumpy Cat's representation;

6.     That Grumpy Beverage was harmed; and

7.     That Grumpy Beverage's reliance on Grumpy Cat's representation was a substantial factor in causing its harm.

63

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 59**

**Grumpy Beverage – Negligent Misrepresentation - Representation**

A representation may be made orally, in writing, or by nonverbal conduct. The representation must ordinarily be an affirmation of fact, as opposed to opinion. Actionable misrepresentations must pertain to past or existing material facts. Statements or predictions regarding future events are deemed to be mere opinions which are not actionable.

If you find that Grumpy Cat made no representation, your verdict must be for Grumpy Cat.

64

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 60**

**Grumpy Beverage – Negligent Misrepresentation – Truth or Falsity**

If you find that Grumpy Cat made representations to Grumpy Beverage, but those representations were true, your verdict must be for Grumpy Cat.

65

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 61**

**Grumpy Beverage – Negligent Misrepresentation – Reliance**

Grumpy Beverage relied on Grumpy Cat's misrepresentation if:

1. The misrepresentation substantially influenced Grumpy Beverage to enter into the Licensing Agreement; and

2. Grumpy Beverage would probably not have entered into the License agreement without the misrepresentation.

It is not necessary for a misrepresentation to be the only reason for Grumpy Beverage's conduct.

If you find that Grumpy Beverage has failed to prove reliance, your verdict must be for Grumpy Cat.

66

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 62**

**Grumpy Beverage – Negligent Misrepresentation – Reasonable Reliance**

In determining whether Grumpy Beverage's reliance on the misrepresentation was reasonable, Grumpy Beverage must first prove that the matter was material. A matter is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether it was reasonable for Grumpy Beverage to rely on the misrepresentations. In making this decision, take into consideration Grumpy Beverage's intelligence, knowledge, education, and experience.

However, it is not reasonable for Grumpy Beverage to rely on a misrepresentation that is preposterous. It also is not reasonable for Grumpy Beverage to rely on a misrepresentation if facts that are within Grumpy Beverage's observation show that it is obviously false.

If you find that the representation was not material or that Grumpy Beverage's reliance was not reasonable, your verdict must be for Grumpy Cat.

67

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 63

### Grumpy Beverage – Elements of Breach of Fiduciary Duty

In its claim for breach of fiduciary duty, Grumpy Beverage has the burden of proving all of the following by a preponderance of evidence:

1.    Grumpy Cat had a fiduciary duty to Grumpy Beverage;

2.    Grumpy Cat breached its fiduciary duty;

3.    Grumpy Beverage was harmed; and

4.    Grumpy Cat's conduct was a substantial factor in causing the harm.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 64**

**Grumpy Beverage – Fiduciary Duty – Non-Managing Member**

If you find that Grumpy Cat is a non-managing member of Grumpy Beverage, then you must find that Grumpy Cat owed no fiduciary duty to Grumpy Beverage.

69

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 65**

**Grumpy Beverage – Elements of Breach of Contract**

To recover damages from Grumpy Cat for breach of contract, Grumpy Beverage must prove all of the following:

1.   That Grumpy Beverage and Grumpy Cat entered into a contract;

2.   That Grumpy Beverage did all, or substantially all, of the significant things that the contract required it to do;

3.   Grumpy Cat failed to do something that the contract required them to do;

4.   Grumpy Beverage was harmed; and

5.   Grumpy Cat's breach of contract was a substantial factor in causing Grumpy Cat's harm

70

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 66**

**Grumpy Beverage – Breach of Contract – Substantial Performance**

Grumpy Beverage contends that Grumpy Cat did not perform all of the things that it was required to do under the contract, and therefore Grumpy Beverage did not have to perform its obligations under the contract. To overcome this contention, Grumpy Beverage must prove both of the following:

1.     That Grumpy Beverage made a good faith effort to comply with the contract; and

2.     That Grumpy Cat received essentially what the contract called for because Grumpy Beverage's failures, if any, were so trivial or unimportant that they could have been easily fixed.

71

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 67

### Grumpy Beverage – Breach of Contract – Interpretation of Disputed Words

Grumpy Beverage and Grumpy Cat dispute the meaning of the following words in the License Agreement:

"'Products' shall mean a line of Grumpy Cat-branded coffee products."

Grumpy Cat claims that the words mean that the License Agreement only pre-approves a line of iced coffee products. Grumpy Beverage claims that the words mean that the License Agreement pre-approves all types of coffee products, including ground coffee.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 68**

**Grumpy Beverage – Breach of Contract – Meaning of Ordinary Words**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

73

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 69**

**Grumpy Beverage – Breach of Contract – Construction of Contract as a Whole**

In deciding what the words of a contract meant to the parties, you should
consider the whole contract, not just isolated parts. You should use each part to help
you interpret the others, so that all the parts make sense when taken together.

74

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 70**

**Grumpy Beverage – Breach of Contract – Construction By Conduct**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

75

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 71**

**Grumpy Beverage – Breach of Contract – Unrestricted Right to Approve**

The court has already found that the License Agreement grants Grumpy Cat an unrestricted right to approve or disapprove all uses of Grumpy Cat's name and image. Accordingly, in determining whether Grumpy Cat breached the license agreement, you must take this finding into consideration.

76

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 72**

**Grumpy Beverage – Elements of Breach of Covenant of Good Faith and Fair Dealing**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Grumpy Beverage claims that Grumpy Cat violated the duty to act fairly and in good faith. To establish this claim, Grumpy Beverage must prove all of the following:

1.    That Grumpy Beverage and Grumpy Cat entered into a contract;

2.    That Grumpy Beverage did all or substantially all of the significant things that the contract required it to do

3.    That Grumpy Cat unfairly interfered with Grumpy Beverage's right to receive the benefits of the contract; and

4.    That Grumpy Beverage was harmed by Grumpy Cat's conduct.

77

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 73**

**Grumpy Beverage – Covenant of Good Faith and Fair Dealing – Language of the Contract**

Grumpy Cat cannot breach the implied covenant of good faith and fair dealing when the conduct complained of is governed by the actual language of the contract at issue.

78

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 74**

**Grumpy Beverage – Covenant of Good Faith and Fair Dealing – Unrestricted Right to Approve**

The Court has already found that the actual language of the License Agreement grants Grumpy Cat an unrestricted right to approve or disapprove all uses of Grumpy Cat's name and image. Accordingly, in determining whether Grumpy Cat breached the covenant of good faith and fair dealing, you must take this finding into consideration.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 75**

**Grumpy Beverage – Elements of Intentional Interference with Contractual
Relations**

Grumpy Beverage claims that Grumpy Cat intentionally interfered with the
contract it and **NAME THIRD PARTY**. To establish this claim, Grumpy Beverage
must prove all of the following:

1. That there was a contract between Grumpy Beverage and **NAME
THIRD PARTY**;

2. That Grumpy Cat knew of the contract;

3. That Grumpy Cat's conduct prevented performance or made
performance more expensive or difficult;

4. That Grumpy Cat intended to disrupt the performance of this contract;

5. That Grumpy Beverage was harmed; and

6. That Grumpy Cat's conduct was a substantial factor in causing Grumpy
Beverage's harm.

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 76**

**Grumpy Beverage – Intentional Interference with Contractual Relations –**

**Existence of a Contract**

A cause of action for intentional interference with contract requires an underlying enforceable contract with a third party.  If you find that Grumpy Beverage did not enter into an enforceable contract with a third party, you must return a verdict for Grumpy Cat.

81

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 77**

**Grumpy Beverage – Elements of Intentional Interference with Prospective Economic Advantage**

Grumpy Beverage claims that Grumpy Cat intentionally interfered with an economic relationship between it and NAME THIRD PARTY that probably would have resulted in an economic benefit to Grumpy Beverage. To establish this claim, Grumpy Beverage must prove all of the following:

1.     That Grumpy Beverage and NAME THIRD PARTY were in an economic relationship that probably would have resulted in an economic benefit to Grumpy Beverage;

2.     That Grumpy Cat knew of the relationship;

3.     That Grumpy Cat engaged in independently wrongful conduct;

4.     That by engaging in this conduct, Grumpy Cat intended to disrupt the relationship;

5.     That the relationship was disrupted;

6.     That Grumpy Beverage was harmed; and

7.     That Grumpy Cat's conduct was a substantial factor in causing Grumpy Beverage's Harm.

82

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 78**

**Grumpy Cat Affirmative Defense – Unclean Hands**

Even if Defendants are able to prove the elements of one or more of their claims, you must find for Grumpy Cat if Grumpy Cat is able to prove its affirmative defense of unclean hands. To prove the affirmative defense of unclean hands, Grumpy Cat must prove:

1.   Unfair conduct by Defendants;

2.   That Defendant's unfair conduct directly relates to one or more of the claims which they have asserted against Grumpy Cat; and

3.   Defendants' unfair conduct injured Grumpy Cat

If Grumpy Cat proves each element of the affirmative defense, you must reach a verdict for Grumpy Cat.

83

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

## Joint Proposed Instruction No. 79

### Grumpy Cat Affirmative Defense – Failure to Mitigate

Defendants cannot recover any damages that could have been reasonably mitigated. Defendants have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To prove failure to mitigate, Grumpy Cat must prove by a preponderance of the evidence:

1.     That Defendants failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

If you find that Defendants failed to mitigate its damages, you must reduce any damages by the amount that would have been mitigated.

84

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

**Joint Proposed Instruction No. 80**

**Grumpy Cat Affirmative Defense – Unjust Enrichment**

Grumpy Beverage's Claims are barred to the extent that Defendants would be unjustly enriched if allowed to recover any monies from Grumpy Cat.

To prove unjust enrichment, Grumpy Cat must prove that Defendants unfairly received a benefit at the expense of Grumpy Cat.

85

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1

2    Dated: January 9, 2018

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

LAVELY & SINGER

By:      /s/ David B. Jonelis
David B. Jonelis, Esq.
State Bar No. 265235
2049 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: djonelis@lavelysinger.com

Attorneys for Plaintiff and
Counterdefendant GRUMPY CAT
LIMITED

86

**PLAINTIFF'S PROPOSED UNDISPUTED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

1

**JOINT PROPOSED JURY INSTRUCTIONS**

## Jake Camara

| | |
|---|---|
| **From:** | David Jonelis |
| **Sent:** | Friday, December 22, 2017 4:59 PM |
| **To:** | 'bkinder@tklglaw.com'; John Gulino (lawyerjjg@aol.com) |
| **Cc:** | Jake Camara |
| **Subject:** | Grumpy Cat v. Grenade / Plaintiff's Proposed Jury Instructions |
| **Attachments:** | JOINT JURY INSTRUCTIONS.docx |

Brian, John:

Attached are Plaintiff's proposed jury instructions.  Please advise as to which of these, if any, are disputed.  I look forward to receiving any proposed additional instructions from your side sufficiently in advance of the upcoming January 4 hearing.

I will be out of the office on vacation through January 2, but Jake Camara will be in the office and available for most of next week to receive any additional proposed jury instructions from your side or if you have any questions regarding the attached instructions or any other pre-trial matters that require immediate attention.

Regards,

David

DAVID B. JONELIS, ESQ.
LAVELY & SINGER PROFESSIONAL CORPORATION
**ATTORNEYS AT LAW**
2049 CENTURY PARK EAST, SUITE 2400
LOS ANGELES, CALIFORNIA 90067-2906
TELEPHONE: (310) 556-3501
FACSIMILE: (310) 556-3615
www.LavelySinger.com
E-MAIL: djonelis@lavelysinger.com

-------------------------------------------------------------------------------------------

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW AND MAY NOT BE PUBLISHED OR DISSEMINATED IN WHOLE OR IN PART. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE LAW OFFICES OF LAVELY & SINGER PROFESSIONAL CORPORATION IMMEDIATELY BY TELEPHONE (310-556-3501) OR E-MAIL (REPLY TO SENDER'S ADDRESS), AND THEN DESTROY ALL COPIES OF THIS COMMUNICATION AND ANY ATTACHED FILES. THANK YOU.