Brian P. Kinder (212332)
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
Phone: (949) 216-3070; Fax: (949) 216-3074
Email: bkinder@tklglaw.com

JOHN J. GULINO (160189)
GULINO LAW OFFICE
2107 North Broadway, Suite 306
Santa Ana, California 92706
Phone: (714) 745-1327; Fax: (714) 242-9042
Email: GulinoLawOffice@aol.com

Attorneys for Counterclaimants Paul Sandford,
Nick Sandford, and Grumpy Beverage, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – SPRING

| | |
|---|---|
| Grumpy Cat LIMITED, an Ohio Limited Liability Entity,<br><br>Plaintiff,<br><br>vs.<br><br>GRENADE BEVERAGE LLC, a California Limited Liability Company; PAUL SANDFORD, an individual; NICK SANDFORD, an individual; and DOES 1-50,<br><br>Defendants.<br><br>PAUL SANDFORD, an individual; NICK SANDFORD, an individual; and GRUMPY BEVERAGE, LLC, a Texas Limited Liability Company,<br><br>Counterclaimants,<br><br>vs.<br><br>GRUMPY CAT LIMITED, an Ohio Limited Liability Entity; and ROES 1-5,<br><br>Counterdefendants. | Case NO:<br>8:15-cv-02063-DOC-DFM<br><br>DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.<br><br><br><br><br><br><br><br><br><br><br>Case filed: December 11, 2015<br>FPTC Date: December 18, 2017<br>Trial date: January 16, 2018<br>Judge: Hon. David O. Carter |

Pursuant to the Court's Scheduling Order (Dkt. 30), Defendants and Counterclaimants Paul Sandford and Nick Sandford and Intervening Defendant, Counterclaimant, and Counterclaimant in Reply Defendant Grumpy Beverage, LLC (collectively "Defendants"), hereby submit the following proposed findings of fact and conclusions of law concerning the matters that will be tried to the court, including, the declaratory judgment actions of non-infringement.

## I. PROPOSED FINDINGS OF FACT.

1. Plaintiff alleges that Grumpy Cat is a viral Internet meme that transformed a house cat named Tardar Sauce into one of the most famous cats in the world. Compl. ¶ 13.

2. Plaintiff alleges that it is the owner of the intellectual property rights associated with Grumpy Cat, including a registered trademark and four registered copyrights. Id. ¶¶ 14, 15, 16.

3. On or around May 31, 2013, Cat Ltd., the owner of Grumpy Cat's intellectual property, entered into a license agreement with Defendant Grenade Beverage that granted Grenade certain exclusive rights to use Grumpy Cat's copyrighted and trademarked name and image. SUF No. 1; Declaration of Brian Kindler ("Kindler Decl.") (Dkt. 88-2), Ex. 1 ("License Agreement").

4. The License Agreement contains the following definition: "'Product Category' shall mean non-alcoholic beverages." *Id.* at ¶ 1(a).

5. The License Agreement contains the following definition: "'Products' shall mean a line of Grumpy cat-branded coffee products, or other additional products within the Product Category that may, upon the Parties' mutual approval, be marketed hereunder." *Id.* at ¶ 1(b).

6. The Grant of Rights of the License Agreement states, "Licensor hereby grants to Licensee, and Licensee hereby accepts from Licensor, the exclusive, non-assignable, non-sublicensable (except as set forth in Paragraphs 6[c] and 13 below),

non-transferable right, license and privilege, solely during the Term, solely in the Product Category of utilizing Licensor's Licensed Properties in connection with the manufacture, advertisement, merchandising, promotion, distribution, and sale of solely Products, in any and all media and forms of communication and through all channels of trade and distribution throughout the Contract Territory during the Term defined in Paragraph 3 below." *Id.* at ¶ 2(a).

7. Grumpy Beverage, LLC is the intended beneficiary under the License Agreement.

## II. PROPOSED CONCLUSIONS OF LAW.

1. An owner of intellectual property who grants a license to use the intellectual property waives the right to sue the licensee for infringement and can only sue for breach of contract. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999); *see also Ninth Circuit Manual of Model Jury Instructions*: Civil § 17.13 (2017) (Comments).

2. Enforcing a license for intellectual property raises issues that lie at the intersection of intellectual property law and contract law. *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1122 (9th Cir. 1999).

3. However, if a license is limited in scope and the licensee acts outside the scope of the license, the licensor may sue for infringement. *Id.*

4. Contractual terms that limit a license's scope are conditions, the breach of which constitute infringement. *Id.* at 1120.

5. All other license terms as covenants, the breach of which is actionable only under contract law. *Id.*

6. Courts apply general principles of contract interpretation when interpreting the terms and scope of a licensing agreement. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 989 (9th Cir. 2006).

7. Courts distinguish between conditions and covenants according to state contract law, to the extent consistent with federal law and policy. *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010) (*Citing Foad Consulting Group v. Musil Govan Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001)).

8. Wherever possible, equity construes ambiguous contract provisions as covenants rather than conditions. *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010).

9. However, if the contract is unambiguous, the court construes it according to its terms. *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2010).

10. A court will not imply that a covenant is a condition unless the parties use clear and unambiguous language. *Standard Oil Co. of Cal. v. Perkins*, 347 F.2d 379, 383 (9th Cir. 1965).

11. Generally, anyone who is authorized by an intellectual property owner to use the intellectual property in a way specified by statute is not an infringer of intellectual property with respect to such use. *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 433, 78 L. Ed. 2d 574, 104 S. Ct. 774 (1984); *see also Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1338 (9th Cir. 1990).

12. Where, the existence of a license is not in dispute, and only the scope of the license is at issue, the intellectual property owner bears the burden of proving that the defendant's use was unauthorized. *Netbula, LLC v. Bindview Dev. Corp.*, 516 F. Supp. 2d 1137, 1150-51 (N.D. Cal. 2007) (*Citing Bourne v. Walt Disney Co.*, 68 F.3d 621, 631 (2nd Cir. 1995)).

13. Because these issues are issues of contract construction, these are issues for the court to decide as a matter of law. *Netbula, LLC v. BindView Development Corp.*, 516 F.Supp.2d 1137, 1151 (N.D. Call 2007); *see also Fireman's Fund Ins. Co. v. City of Lodi, California*, 302 F.3d 928, 951, n.21 (9th Cir. 2002) (the construction of a contract is a matter of law for the Court to decide).

Dated: January 9, 2018

Respectfully submitted,

THE KINDER LAW GROUP, APC

By: /s/ Brian P. Kinder
Brian P. Kinder, Esq.
State Bar No. 212332
19200 Von Karman Ave., Fourth Floor
Irvine, California 92612
Telephone: (949) 216-3070
Facsimile: (949) 216-3074
Email: bkinder@tklglaw.com

IN ASSOCIATION WITH:

GULINO LAW OFFICE

By: /s/ John Gulino
John Gulino, Esq.
2107 North Broadway, Suite 306
Santa Ana, California 92706
Telephone: (714) 745-1327
Facsimile: (714) 242-9042
Email: GulinoLawOffice@aol.com

Attorneys for Defendants and Counterclaimants Paul Sandford and Nick Sandford and Intervening Defendant and Counterclaimant Grumpy Beverage, LLC

