# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)          Date: August 21, 2018

Title: GRUMPY CAT LIMITED V. GRENADE BEVERAGE LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

| PROCEEDINGS (IN CHAMBERS): | ORDER DENYING IN PART MOTION FOR ATTORNEY FEES [165]; AND REQUESTING SUPPLEMENTAL BRIEFING ON MOTION FOR ATTORNEY FEES [165]; AND MOTION FOR LITIGATION COSTS [167] |
|---|---|

Before the Court is Plaintiff Grumpy Cat Limited's ("Plaintiff") Motion for Award Attorney Fees ("Mot.") (Dkt. 165) and Motion for Costs ("Cost Mot.") (Dkt. 167). The Court heard oral argument on August 20, 2018. Having reviewed the papers and considered the parties arguments, the Court DENIES IN PART the Motion for Attorney Fees and REQUESTS supplemental briefing on reasonable hours, rates, and costs.

## I. Background and Procedural History

This case concerns Grumpy Cat, a viral Internet meme that transformed a house cat named Tardar Sauce into one of the most famous cats in the world. Complaint (Dkt. 1) ¶ 13. Plaintiff owns intellectual property rights associated with Grumpy Cat, including a registered trademark and four registered copyrights. *See id.* ¶¶ 14, 15, 16. Plaintiff alleged that Defendant Grenade Beverage LLC ("Grenade") and its members, Defendants Nick and Paul Sandford—in creating and selling a ground coffee product—used the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)                              Date: August 21, 2018
                                                                                                                 Page 2

Grumpy Cat name and image beyond what was authorized in a licensing agreement (which Plaintiff alleged only authorized iced coffee products). *Id.* ¶ 2; *see generally* MSJ Order (Dkt. 92). Grenade defaulted, and Grumpy Beverage intervened and joined with the Sandfords (collectively, "Defendants") in filing a counterclaim. Counterclaim (Dkt. 39).

A jury trial in this matter was held on January 16–19 and 22, 2018. *See* Minutes (Dkts. 121, 122, 124–26). On January 22, 2018, a jury returned a verdict for Plaintiff Grumpy Cat Limited ("Plaintiff"), finding as follows:

- On the breach of contract claim and counterclaims, the Jury found in favor of Plaintiff and against Grumpy Beverage, with damages for Plaintiff in the amount of $1;
- On Plaintiff's copyright infringement claim, the Jury found Paul Sanford and Grumpy Beverage liable, and Nick Sanford not liable, with damages against Paul Sanford in the amount of $30,000, and damages against Grumpy Beverage in the amount of $200,000;
- On Plaintiff's trademark infringement claim, the Jury found Paul Sanford and Grumpy Beverage liable, and Nick Sanford not liable, with damages against Paul Sanford in the amount of $30,000, and damages against Grumpy Beverage in the amount of $450,000; and
- The jury found against Grumpy Beverage on its counterclaims for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation, and intentional misrepresentation.

Redacted Jury Verdict Form (Dkt. 131) at 1–7. On May 31, 2018, the Court issued Findings of Fact and Conclusions of Law (Dkt. 148), holding that Plaintiff is not entitled to prevail on its cybersquatting claim and Defendants Grumpy Beverage, LLC ("Grumpy Beverage") and Paul Sandford (collectively, "Defendants"), are not entitled to declaratory relief of copyright and trademark non-infringement. On June 8, 2018, the Court entered Judgment (Dkt. 153).

On June 22, 2018, Plaintiff filed an initial Motion for Attorney Fees (Dkt. 156) and Motion for Costs (Dkt. 157). At a July 23, 2018 hearing, the Court directed Plaintiff to refile the motions.

On July 23, 2018, Plaintiff filed the instant Motion for Attorney's fees and Cost Motion. On August 3, 2018, Defendant Opposed ("Opp'n") (DKt. 170), and on August 10, 2018, Plaintiff replied ("Reply") (Dkt. 172).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)                                          Date: August 21, 2018
                                                                                                                                                                      Page 3

## II.     Legal Standard

"The general American rule is that the prevailing party may not recover attorney's fees absent express provision of a contract or statute or exceptional circumstances warranting the exercise of equitable powers." *Hannon v. Sec. Nat. Bank*, 537 F.2d 327, 328 (9th Cir. 1976). State law governs the enforceability of attorney's fees in contract provisions. *See Bd. of Trustees of Printing Specialties & Paper Prod. Joint Employer & Union Health & Welfare Fund v. Doctors Med. Ctr. of Modesto*, No. 206CV02886FMCFMOX, 2008 WL 11342750, at *2 (C.D. Cal. May 29, 2008). California law provides for attorney's fees authorized by contract:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717. Attorney's fees are allowable as costs when authorized by contract. Cal. Civ. Proc. Code § 1033.5. "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." *Windsor Pac., LLC v. Samwood Co., Inc.*, 213 Cal. App. 4th 263, 273 (2013). As explained by the California Supreme Court:

> Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract. The clear and explicit meaning of these provisions, interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage, controls judicial interpretation. Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning.

*Santisas v. Goodwin*, 17 Cal. 4th 599, 608 (1998) (internal quotation marks and citations omitted).

For trademark infringement claims, the Lanham Act provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Ninth Circuit has explained that "generally a trademark case is

Case 8:15-cv-02063-DOC-DFM   Document 176   Filed 08/21/18   Page 4 of 9   Page ID #:2581

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)            Date: August 21, 2018
           Page 4

exceptional for purposes of an award of attorneys' fees when the infringement is malicious, fraudulent, deliberate or willful." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993). Willful infringement means that the defendant acted with a "deliberate intent to deceive." *Id.* at 1406. For copyright infringement claims, section 505 of the Copyright Act provides that a court "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505.

     In determining if fees are appropriate under both copyright and trademark infringement claims, the Court must consider several "nonexclusive factors," such as (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and in the legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (setting forth the aforementioned factors in determining whether attorneys' fees are appropriate in a patent infringement context and holding that the same factors apply in a trademark infringement context); *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (setting forth the same factors in determining whether attorney fees are appropriate in a copyright infringement context, and explaining that objective reasonableness carries significant weight, but courts must view all a case's circumstances of a case on their own terms, in light of the Copyright Act's essential goals).

     Once the Court has determined that attorney's fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)).

     The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie*, 217 F.3d at 1070 (internal quotation marks and citation omitted). To determine reasonable hourly rates, the Court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008). Counsel bears the burden of establishing that the number of hours expended is reasonable by submitting detailed time records justifying the hours claimed to have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). The party requesting fees first must prove the hourly rate and number of hours that go into the lodestar calculation are reasonable themselves. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)                            Date: August 21, 2018
                                                                                                                                                         Page 5

The amount may be reduced if the hours are duplicative, excessive, or otherwise unnecessary. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). After calculating the lodestar, the Court "may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Intel*, 6 F.3d at 622 (internal citation omitted).[1]

## III.  Discussion

Plaintiff seeks $324,045 in attorney fees against Defendants Paul Sandford and Grumpy Beverage, jointly and severally, as a prevailing party pursuant to California contract law and the License Agreement, pursuant to the Copyright Act, and pursuant to the Lanham Act. Mot. at 1–2. Plaintiff also seeks $25,036 in litigation costs pursuant to Local Rule 54-3.12. Cost Mot. at 1.

The Court will address Plaintiff's entitlement to attorneys' fees under trademark, copyright, and contract law in turn, and address Plaintiff's request for costs.

### A.  Trademark and Copyright Infringement

Plaintiff argues that Defendants' bad faith and unreasonableness, in asserting that the License Agreement included coffee products beyond iced coffee, warrant attorney's fees pursuant to Plaintiff's trademark and copyright claims. Mot. at 4–7.

However, in this Court's Findings of Facts and Conclusions of Law (Dkt. 148) in resolving Plaintiff's cybersquatting claim against Plaintiff, the Court rejected Plaintiff's assertion that Paul Sandford and Grumpy Beverage acted in bad faith, considering all the circumstances in this case, the Court explained that

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70. Courts have determined that at least five of the Kerr factors have been deemed "subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996). These factors include "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation . . . (4) the results obtained, and (5) the contingent nature of the fee agreement." *Id.* at 364 n.9 (citations omitted). At least one of the "subsumed" Kerr factors, "the contingent nature of the fee agreement," has been rejected by the Supreme Court as a basis to adjust the lodestar after it has been calculated. *See City of Burlington v. Dague*, 505 U.S. 557, 562–63 (1992).

Case 8:15-cv-02063-DOC-DFM   Document 176   Filed 08/21/18   Page 6 of 9   Page ID #:2583

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)             Date: August 21, 2018
            Page 6

> [C]onsidering the unique circumstances of this case, which are the most important grounds for finding bad faith . . . Defendants likely had reasonable grounds to believe the use of the website [www.grumpycat.com] was lawful because the parties had a License Agreement for a line of Grumpy-Cat branded coffee products (even though, ultimately, the ground coffee exceed its scope).

Findings of Facts and Conclusions of Law at 15–16. Implicitly, the Court made a finding that, considering all the circumstances, at the time of the underlying events, Defendants did not act in bad faith in adopting their interpretation of the License Agreement—that a line of Grumpy-Cat branded coffee products included products beyond iced coffee—even though the jury later concluded that the License Agreement only included iced coffee. *See id.* Significantly, the Court's cybersquatting bad faith analysis closely mirrors the analysis for determining whether fees are appropriate pursuant to copyright and trademark infringement claims, under which the Court must consider several "nonexclusive factors," such as (1) frivolousness; (2) motivation; (3) objective unreasonableness (both in the factual and in the legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *See SunEarth*, 839 F.3d at 1181. Here, as the Court explained in the Findings of Facts and Conclusions of Law, Plaintiff have not established that Defendants acted frivolously, in bad faith, or objectively unreasonably in pursuing an interpretation of the License Agreement to include non-iced coffee products. *See* Findings of Facts and Conclusions of Law at 15–16. Further, considering that this was a dispute over the scope of a license agreement, and not a case of "selling counterfeit goods on the black market," *see* Opp'n at 14, the need to advance deterrence is less compelling. Therefore, the Court finds that this is not an exceptional case where fees are appropriate under the Lanham Act or a case where fees are appropriate under the Copyright Act.

       Accordingly, the Court DENIES Plaintiff's Motion to the extent that Plaintiff seeks attorney fees pursuant to its trademark and copyright claims.

### B.     Breach of Contract

       Next, Plaintiff seeks attorney fees pursuant to its breach of contract claim, and the breach of contract counterclaim, under the License Agreement. Mot. at 1.

       At the outset, as Defendants point out, Plaintiff did not assert a breach of contract claim against Paul Sanford and Paul Sanford is not a party to the License Agreement. Opp'n at 9. Accordingly, the Court DENIES Plaintiff's Motion to the extent that Plaintiff seeks attorney fees against Paul Sandford pursuant to Plaintiffs' breach of claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)                        Date: August 21, 2018
                                                                                                                            Page 7

      Next, turning to Plaintiffs' request for breach of contract attorney's fees against Grumpy Beverage, Defendants argue that Grumpy Beverage is an unnamed third party beneficiary of the License Agreement and therefore fees are not warranted.[2] Opp'n at 8 ("Grumpy Beverage's breach of contract claim was as a third-party beneficiary.").

      "As a general rule, [contract-based] attorney fees are awarded only when the lawsuit is between signatories to the contract." *Cargill, Inc. v. Souza*, 201 Cal. App. 4th 962, 966 (2011) (citing *Real Property Services Corp. v. City of Pasadena*, 25 Cal. App. 4th 375, 379–380 (1994)). However, under some circumstances, California Civil Code section 1717 "reciprocity principles will be applied in actions involving signatory and nonsignatory parties." *Id.* (citation omitted). These principles are applied "where the nonsignatory party 'stands in the shoes of a party to the contract'" or "where the nonsignatory party is a third party beneficiary of the contract." *Id.* (citing *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 897 (2008)). In determining whether a third party beneficiary to a contract is a third party beneficiary of an attorney fee provision specifically, Courts looks at the language of the provision, to ascertain whether there is an intent to benefit unnamed parties. *See id.* Where the attorney fee provision is available to "any party," thus "expressing the intent 'to include someone else,'" courts tend to find that an attorney fee provision is not limited to the contract's signatories. *Id.* (citing *Sessions Payroll Mgmt., Inc. v. Noble Const. Co.*, 84 Cal. App. 4th 671, 679 (2000)). Here, the License Agreement provides:

> In the event that any action, suit, or other proceeding is instituted concerning or arising out of this Agreement, the prevailing party shall recover all of such party's costs and attorneys' fees incurred in each and every such action, suit, or other proceeding, including any and all appeals or petitions therefrom, whether such costs and attorneys' fees incurred prior to or after judgment is entered.

License Agreement § 14(b) (Dkt. 88-2). Because the language of the attorney fee provision is not limited to the signatories, and because Defendants acknowledge that Grumpy Beverage is a third-party beneficiary of the License Agreement, attorney's fees are available against Grumpy Beverage pursuant to the License Agreement. *See Cargill*, 201 Cal. App. 4th at 966.

---

[2] To the extent Defendants argue that Grumpy Beverage is not liable because it is a defendant-intervenor that was not named as a Defendant in the operative pleadings, the Court has previously rejected that argument on multiple occasions. *See, e.g.* Findings of Fact and Conclusions of Law at n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 15-2063-DOC (DFMx)                                            Date: August 21, 2018
                                                                                                                            Page 8

      Accordingly, the Court finds that Plaintiff is a prevailing party against Grumpy Beverage pursuant to Plaintiff's breach of contract claim and Grumpy Beverage's breach of contract counterclaim.

      Once the Court has determined that attorney's fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable, making specific findings as to whether the rate and hours are reasonable. However, here Plaintiff has not apportioned its billing records by claim. Therefore, the Court is unable to determine which billing items are pursuant to Plaintiff's breach of contract claim and Grumpy Beverage's breach of contract counterclaim. In addition, to determine reasonable hourly rates, the Court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973 (9th Cir. 2008). Here, however Plaintiff seeks fees for work done by nine lawyers with rates ranging from $175 to $1,050, and the rates requested from the Court appear to be the rates charged by each specific attorney, rather than an estimate of a reasonable rate of lawyers of comparable skill, experience, and reputation in the community. *See id.*; Opp'n at 18; Declaration of Jake Camara (Dkt. 165-1) ¶ 10.

      **C.    Costs**

      Plaintiff also seeks $25,036 in litigation costs for the work of Dave Botwin, the IT professional who assisted counsel for Plaintiff in running the visual display of documents during trial. *See generally* Cost Mot.; Opp'n at 23. Defendants argue that these types of costs are not costs that are permitted under L.R. 44.3-12 because they are not "reasonably necessary" to assist the jury or the Court in understanding. Opp'n at 23 (quoting *Andresen v. Int'l Paper Co.*, 2015 U.S. Dist. LEXIS 75912, 2015 WL 3648972, at *9 (C.D. Cal. June 10, 2015) ("Costs for technical assistance at trial are similarly disallowed, as the rule contemplates recovery of costs 'only for those services related to direct production of visuals . . . .'")). Based on a review of Defendants' authority, Plaintiffs revise their request to $20,036 in costs, for the creation and productions of visuals and demonstratives. Reply at 21. However, fees for graphics are permitted for the actual preparation of the graphics, "not the intellectual effort involved in their production," and Plaintiff's billing records do not appear to reflect this distinction. *See Carucel Investments, L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2017 WL 4654637, at *3 (S.D. Cal. Oct. 17, 2017); Invoice (Dkt. 167-1).

      Accordingly, the Court ORDERS supplemental briefing, which is detailed below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-2063-DOC (DFMx)                                             Date: August 21, 2018
                                                                                                                                                                Page 9

## IV.   Disposition

For the foregoing reasons, the Court DENIES Plaintiff's Motion to the extent that Plaintiff seeks attorney fees pursuant to its trademark and copyright claims, or attorney fees against Paul Sandford pursuant to breach of contract claims or counterclaims. The Court HOLDS that Plaintiff is a prevailing party for the purposes of its request for attorney fees as to Grumpy Beverage pursuant to Plaintiff's breach of contract claim and Grumpy Beverage's breach of contract counterclaim.

In addition, the Court ORDERS Plaintiff to a file a supplemental brief, **on or before August 28, 2018**: (1) requesting reasonable hours pursuant to work that is related to Plaintiff's breach of contract claim and Grumpy Beverage's breach of contract counterclaim (to the extent that work is related to these claims along with other claims under which Plaintiff is not entitled attorney fees, Plaintiff shall estimate the amount of time spent solely on the contract claims); (2) clearly explaining the reasonableness of the hourly rate requested for each attorney for which Plaintiff seeks fees; and (3) providing a request for costs associated with the actual preparation of the trial graphics. Defendants may file a supplemental opposition **on or before September 4, 2018,** and Plaintiff may reply **on or before September 11, 2018**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                   Initials of Deputy Clerk: djl